In re FREDERICK PETROLEUM CORPORATION, Debtor.

SEOR, INC.; Paul V. Jones, Trustee, Plaintiffs–Appellees,

v.

TEXTRON OIL CORPORATION, Defendant–Appellant.

James Dennis; Judy Dennis; Helen Dennis; Frank Donia; Nancy Donia, Defendants.

No. 89–3450.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1990.

Decided Aug. 23, 1990.

James S. Huggins (argued), Theisen, Brock, Frye, Erb & Leeper, Marietta, Ohio, for SEOR, Inc.

Paul V. Jones, Zanesville, Ohio, Trustee, pro se.

Timothy B. Matthews (argued), Keating, Muething & Klekamp, Cincinnati, Ohio, for Textron Oil Corp.

Before MERRITT, Chief Judge, and KEITH and NORRIS, Circuit Judges.

MERRITT, Chief Judge.

This case is an appeal from a District Court order reversing a Bankruptcy Court decision raising a complex question of whether certain oil and gas leases are "unexpired leases of nonresidential real property" subject to rejection within the meaning of § 365(d)(4) of Title 11. Finding that this Court lacks appellate jurisdiction pursuant to the procedural requirements set forth in Rule 54(b) of the Federal Rules of Civil Procedure, we decline to reach the merits of this appeal.

## I. *Background*

Specifically, the merits of this appeal center on the question of whether the oil and gas leases at issue are "unexpired leases of nonresidential real property" within the meaning of 11 U.S.C. § 365(d)(4). The dispute in the Bankruptcy Court involved three oil and gas leases which had been entered into in the early 1970s.[1] The debtor, Frederick Petroleum Corporation, is the lessee under each of these leases.[2]

In March 1985, Frederick Petroleum filed a Chapter 11 petition in bankruptcy. Despite the appointment of a trustee, neither Frederick Petroleum nor the trustee took any action either to assume or reject the leases pursuant to § 365. SEOR, Inc., the secured creditor, also failed to take action.

In May 1987, Textron, James and Judy Dennis, Helen Dennis, and Frank and Nancy Donia (lessors) filed a motion for relief seeking an order declaring:

---

1. The three leases are: a lease dated 2/28/71 between James and Judy Dennis and Thomas W. Angerman (the "James and Judy Dennis Lease"); a lease dated 9/22/73 between Raymond and Helen Dennis and Apex Natural Gas Co. (the "Helen Dennis Lease"); and a lease dated 6/26/73 between John and Joan Jenkins and Hogue Gas and Oil Co., which was assigned by the Jenkinses to Frank and Nancy Donia (the "Donia Lease") (collectively the "Leases").

2. Frederick Petroleum is the lessee by assignment from the original lessees.

1. That the leases were not property of the estate,

2. That the leases were deemed rejected pursuant to § 365(d)(4), or

3. That the trustee should abandon the leases because they are burdensome to the estate or of inconsequential value or benefit to the estate.

SEOR, claiming a security interest in the leases because of an assignment from Texas American Bank after the expiration of the 60–day period under § 365(d)(4), and the trustee filed an objection to this motion. At a hearing held in October 1987, the Bankruptcy Court held that all three leases were leases of nonresidential real property which had been rejected under the automatic rejection provision found in 11 U.S.C. § 365(d)(4). The Bankruptcy Court also held that the James and Judy Dennis lease had been forfeited under state law. Because SEOR only appealed the Bankruptcy Court's decision with respect to the automatic rejection, the District Court's consideration was limited to the Helen Dennis and Donia leases.

The District Court, reversing the decision of the Bankruptcy Court, held that the leases were not leases of nonresidential real property for the purposes of § 365(d)(4); therefore, the leases were not deemed rejected and remained part of the bankruptcy estate. The District Court went on to remand the case to the Bankruptcy Court "for further proceedings consistent with this opinion." 98 B.R. 762 (1989) Textron appeals the decision of the District Court.

## II. *Jurisdiction*

As a preliminary matter, we are faced with the issue of whether this Court has subject matter jurisdiction over this appeal. SEOR argues that this Court lacks jurisdiction because the District Court's order, which remanded the case to the Bankruptcy Court, is not a "final" order under 28 U.S.C. § 158(d). Section 158(d) provides:

The courts of appeals shall have jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees entered

under subsections (a) and (b) of this section. (Emphasis added.)

The courts of appeal are divided on the issue of what constitutes a final order subject to appeal from a district court to a court of appeals.

One line of cases follows the reasoning set forth in *In re Riggsby*, 745 F.2d 1153 (7th Cir.1984). In *Riggsby*, the Seventh Circuit held that appeals of district court orders which reverse and remand bankruptcy court decisions are not "final orders" pursuant to § 158(d) if the remand involves something more than a "purely 'ministerial' action." *Id.* at 1156. In other words, a decision by a district court on appeal from a bankruptcy judge's final order is not final if the District Court decision remands the case to the bankruptcy judge for "significant further proceedings." *Id.* Several circuits have adopted the *Riggsby* analysis and result. *See In re Gould & Eberhardt Gear Machinery Corp.*, 852 F.2d 26 (1st Cir.1988); *Bowers v. Connecticut Nat'l Bank*, 847 F.2d 1019 (2d Cir. 1988); *In re Green County Hosp.*, 835 F.2d 589 (5th Cir.), *cert. denied*, 488 U.S. 820, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988); *In re Commercial Contractors, Inc.*, 771 F.2d 1373 (10th Cir.1985); *In re Briglevich*, 847 F.2d 759 (11th Cir.1988). The problem with this approach is that an extensive analysis of the nature of the questions presented on the merits is necessary in each bankruptcy appeal before the jurisdictional issue can be decided.

Despite support for the *Riggsby* analysis, several courts, including a 1987 decision by the Sixth Circuit, appear to have adopted a contrary standard originally established in *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). The Sixth Circuit, in *In re Gardner*, 810 F.2d 87 (6th Cir.1987), specifically rejected the *Riggsby* standard, and concluded that the District Court's order was appealable under the particular circumstances of that case. The case involved a question of insurance coverage for an automobile accident. One issue was purely a question of policy interpretation—a question of law. A second issue was whether a release had

been entered into fraudulently. Because a decision as to policy interpretation would end the litigation, and because the case had a protracted history, our Court determined that it had jurisdiction. Limiting our holding to the specific circumstances presented in that case, our Court noted that:

> If the district court affirms or reverses a final bankruptcy court order, requiring no further factual development on any central or controlling issue, appellate courts generally agree that the district court order is final and appealable. If, however, the district court order remands the case for a *factual determination on an issue central to the case,* the district court order is determined not to be appealable because the case cannot be resolved properly until the appropriate factfinder, the bankruptcy court, makes the necessary factual findings.

*Id.* at 91–92 (citations omitted) (emphasis added). This approach, however, has the same problem of uncertainty as the Seventh Circuit standard. An extensive analysis of the merits of the case is necessary prior to a determination of jurisdiction. The uncertainty of the standard of appellate jurisdiction means that the losing party must appeal interlocutory decisions or run the risk of waiving the right of appeal.

 In making a determination as to whether we have subject matter jurisdiction in this case, we find it unnecessary to choose between the conflicting caselaw because the cases previously decided do not raise or decide the Rule 54(b) certification issue presented here. The prior Sixth Circuit decision was limited to the specific circumstances of that case. In addition, the cases discussed above involve an interpretation of the word "final" within the meaning of 28 U.S.C. § 158(d). None of the cases specifically address the application of Rule 54(b) of the Federal Rules of Civil Procedure to appeals of bankruptcy proceedings from the district courts to the courts of appeals.

This question is one of first impression in the courts of appeals. The Bankruptcy Reform Act of 1978 contemplates that the bankruptcy courts should operate as "ad-junct" to the district courts. *See Northern Pipeline Constr. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); S.Rep. No. 989, 95th Cong., 2d Sess. 16 (1978), U.S.Code Cong. & Admin. News 1978, p. 5802; 28 U.S.C. § 151 (1982) (bankruptcy court created "as an adjunct of the district court"), *amended by* 28 U.S.C. § 151 (1988); 28 U.S.C. § 157 (district courts may provide that bankruptcy cases "shall be referred to the bankruptcy judges for the district"). Consequently, we view all the proceedings in this action, whether in the Bankruptcy Court or the District Court, as one proceeding in bankruptcy. Thus, the question of finality, as well as the application of Rule 54(b), must turn on the whole proceeding below viewed as an appeal from one court just as we view an appeal from a district court reviewing the work of United States Magistrates under 28 U.S.C. § 636(a) and (b).

Rule 54(b) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties....

In other words, in the absence of certification by the district court as to the finality of a partial disposition, any partial disposition will be deemed non-final for the purposes of the exercise of appellate jurisdiction pursuant to Rule 54(b).

The application of Rule 54(b), either directly or by analogy, to the appeals of bankruptcy proceedings for the purpose of determining finality pursuant to 28 U.S.C. § 158(d) establishes a much-needed, bright-

line test for determining finality, providing certainty for litigants as to whether their appeals are final for the purposes of 28 U.S.C. § 158(d). This certainty has not been provided by prior caselaw interpretations of the word finality within the meaning of § 158(d). We are authorized to apply the procedural requirements of Rule 54(b) by analogy pursuant to the supervisory power of appellate courts. *See United States v. McDowell*, 814 F.2d 245, 249–50 (6th Cir.) (recognizing the supervisory power of appellate courts), *cert. denied*, 484 U.S. 980, 108 S.Ct. 478, 98 L.Ed.2d 492 (1987); *United States v. Bailey*, 675 F.2d 1292, 1297 (D.C.Cir.), *cert. denied*, 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed.2d 104 (1982). However, we also believe that a technical analysis of the text actually mandates the application of Rule 54(b).

Rule 1 of the Federal Rules of Civil Procedure generally makes the Federal Rules of Civil Procedure applicable in civil suits. Rule 81(a)(1), however, makes them inapplicable in "proceedings in bankruptcy" except to the extent that they are "made applicable" by Supreme Court rules.

Bankruptcy Rule of Procedure 7054, adopted by the Supreme Court, is the counterpart to Federal Rule of Civil Procedure 54, incorporates it by reference, and uses the same language concerning the finality of interlocutory orders in bankruptcy.[3] Rule 7054 applies to "adversary proceedings." Although "adversary proceedings" do not specifically include district court bankruptcy review as defined in Bankruptcy Rule of Procedure 7001, we view all proceedings in this case, whether in the Bankruptcy Court or the District Court, as one proceeding in bankruptcy. Thus, we would characterize the present action as an adversary proceeding conducted to determine the parties' interest in the property at issue, to which the concept of finality and interlocutory review contained in Rule 54(b) of the Federal Rules of Civil Procedure would apply by virtue of Bankruptcy Rules of Procedure 7001(2) and 7054.

Applying the procedural requirements of Rule 54(b) to the facts of this case, we find that this Court lacks subject matter jurisdiction to hear the merits of this appeal. Because the District Court failed to certify that its partial disposition as to the federal bankruptcy question was final, its partial disposition in this bankruptcy proceeding will be deemed non-final for the purposes of the exercise of our appellate jurisdiction.

Accordingly, we dismiss this appeal and remand to the District Court with instructions to conduct further proceedings consistent with its original opinion or, alternatively, to make the requisite certification under Rule 54(b).

---

**3.** Rule 7054(a) provides:
 *(a) Judgments.* Rule 54(a)–(c) F.R.Civ.P. applies in adversary proceedings.

Bankr. R.P. 7054(a).