*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0031P (6th Cir.)
File Name: 00a0031p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In Re: SAMI YOUSIF,
　　　　　　　　*Debtor.*

---

TODD M. HALBERT,
　　　　　*Plaintiff-Appellant,*

　　　　　*v.*

SAMI YOUSIF; SANA YOUSIF;
FLORENCE TANNERS,
INCORPORATED,
　　　　　*Defendants-Appellees.*

No. 98-1805

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
Nos. 97-75047; 97-75048—Julian A. Cook, Jr.,
District Judge.

Argued: October 29, 1999

Decided and Filed: January 20, 2000

Before: WELLFORD, MOORE, and GILMAN, Circuit
Judges.

------

## COUNSEL

**ARGUED:**   Todd M. Halbert, Southfield, Michigan, for Appellant.   John D. Hertzberg, Southfield, Michigan, for Appellees.   **ON BRIEF:**   Todd M. Halbert, Southfield, Michigan, for Appellant.   John D. Hertzberg, Southfield, Michigan, for Appellees.

WELLFORD, J., delivered the opinion of the court, in which GILMAN, J., joined.   MOORE, J. (pp. 13-19), delivered a separate concurring opinion.

------

## OPINION

------

HARRY W. WELLFORD, Circuit Judge.   Todd M. Halbert, a Michigan attorney representing himself on this appeal as he did in the district court, takes appeals from denials of his applications for attorney fees with respect to two separate bankruptcy cases, one involving Sami and Sana Yousif and the other involving the corporation controlled by the Yousifs, Florence Tanners, Incorporated ("Tanners"). The Yousifs and Tanners filed Chapter 11 bankruptcy cases and were represented before and after these filings by Halbert. Ultimately, after protracted proceedings, the bankruptcy court issued an opinion denying the requested fees based on what the court perceived as a "systematic" pattern of impropriety on Halbert's part, involving transfers of merchandise to the attorney from the debtors and allegations of preferential payments and transfers.

Debtors claim that Halbert was not qualified under bankruptcy law and rules to serve as counsel in the Chapter 11 proceedings, and that transfers of merchandise to Halbert had occurred during the 90-day period before the filings and constituted preferential transfers under § 547(b) of the Code. In one opinion of the bankruptcy court, appealed to the

that enables a court of appeals to determine whether the district court's order is a final and appealable order without having first to reach the merits of the appeal.  Accordingly, I think that we should adopt "the prevailing view that courts of appeals lack jurisdiction over appeals from orders of district courts remanding for significant further proceedings in bankruptcy courts."  *Dicola v. American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. (In re Prudential Lines, Inc.),* 59 F.3d 327, 331 (2d Cir. 1995) (quotation omitted); *see also In re Lopez,* 116 F.3d at 1192 ("[A] decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character.").  In the present case, the district court affirmed much of the bankruptcy court's decision, but it remanded the case to the bankruptcy court so that the bankruptcy court could make further factual findings to support its conclusion that Halbert violated the disclosure requirements of § 329(a) and Bankruptcy Rule 2016(b).  *Halbert,* 225 B.R. at 354-58.  Because the district court's order remanding the case for further factual findings contemplates significant further proceedings in the bankruptcy court, I do not believe that the district court's order should properly have qualified as a final order within the meaning of § 158(d), and thus the district court could not properly certify that it had issued a final judgment of a separate claim pursuant to Rule 54(b).

I concur in the judgment of the majority because I believe that we do not have jurisdiction to review the district court's order denying Halbert's fee application in the Tanners' bankruptcy case.

from Tanners within the ninety-day preference period, Halbert became ineligible to serve as its attorney, at least in the absence of curative measures which did not occur here." *Halbert v. Yousif,* 225 B.R. 336, 344 (E.D. Mich. 1998). The district court, however, also vacated the bankruptcy court's determination that Halbert had violated the disclosure requirements set forth in § 329(a) and Bankruptcy Rule 2016(b), remanding this issue to the bankruptcy court for further factual findings. *Halbert,* 225 B.R. at 354-58.

If we were to decide on appeal that Halbert's fee application was properly denied on grounds that he was not a disinterested person within the meaning of 11 U.S.C. § 327(a), then the issue involving Halbert's compliance with the disclosure requirements of § 329(a) and Bankruptcy Rule 2016(b), like the issue involving the fraudulent release in *Gardner,* becomes non-dispositive. *See, e.g., Halbert*, 225 B.R. at 356-57 ("Violations of the disclosure and disinterestedness rules are independent of each other, although the remedies for each are similar."). If, on the other hand, we were to decide to reverse the bankruptcy court's determination that Halbert was not a disinterested person, then the issue involving the disclosure requirements of § 329(a) and Bankruptcy Rule 2016(b) would become a "central, determinative issue underlying [the] dispute." *In re Gardner*, 810 F.2d at 92. This example illustrates the concerns that I have about the approach that we articulated in *Gardner*: this approach may require the court of appeals to decide the merits of the issue that has been decided by the district court before it can determine whether the issue that has been remanded by the district court for further factual findings by the bankruptcy court is central to the outcome of the case.

If we were to follow the approach that this court articulated in *Gardner*, then I believe that we would be forced to reach the merits of the district court's decision before we could determine whether the district court's order denying Halbert's fee application in the Tanners case is a final and appealable order. I believe, however, that we should adopt an approach

district court and essentially affirmed, at least in part, the former found that some antecedent debt was satisfied by the transfer at issue, disqualifying Halbert. We have found that there is a serious jurisdictional question in these cases consolidated for appeal and asked the parties to address the issue at oral argument. *See Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 128 F.3d 449, 450 (6th Cir. 1997) ("'Subject matter jurisdiction cannot be conferred on federal courts by consent of the parties. The existence of subject matter jurisdiction, moreover, is an issue that may be raised at any time, by any party, or even sua sponte by the court itself.'") (quoting *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994)).

We have jurisdiction to entertain orders and judgments that effectively and finally dispose of all claims presented to the district court. This requirement is referred to as the final judgment rule, embodied principally in 28 U.S.C. § 1291: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts. . . ." In the dispute before us, each bankruptcy case retained its separate identity, although the appeals from the separate orders or judgments were consolidated for purposes of briefing and argument; the cases of the Yousifs and Tanners were treated separately by the bankruptcy court and subsequently by the district court.

## I. *THE YOUSIF APPEAL*

The district court made the following findings pertinent to the Yousifs' bankruptcy appeal:

Halbert submits that this Court should enter a summary judgment in his favor and against the Yousifs because the Bankruptcy Court did not cite any law and found no facts upon which to support its denial of his request for attorney fees relating to services rendered in the Yousifs' bankruptcy. This Court agrees. All of his deficiencies, which were the subject of the two opinions by the Bankruptcy Court, relate to his conduct in the Tanners bankruptcy proceeding. In fact, there is no discussion or

evaluation of Halbert's compliance or noncompliance with his disclosure and disinterestedness duties in the Yousif case.[39]

Therefore, the entry of a summary judgment by the Bankruptcy Court in favor of the Yousifs is vacated. Further, the issue of whether a summary judgment should be entered on Halbert's application for fees in the Yousifs' case is remanded for further consideration by the Bankruptcy Court.

[39]Although the Bankruptcy Court did recite the Rule 2016(b) disclosures made by Halbert in the Yousif case, *In re Florence Tanners*, 209 B.R. at 442, *it did not make any factual findings or legal conclusions* that are pertinent to those disclosures.

(emphasis added). This judgment by the district court effectuating a remand to the bankruptcy court in the Yousifs' case is not a final judgment and is therefore not appealable; the case was "vacated and remanded" to the bankruptcy court for necessary factual findings and/or legal conclusions. *See, e.g., Marlow v. Rollins Cotton Co.*, 146 F.3d 420, 422 (6th Cir. 1998) ("A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

## II. *THE TANNERS APPEAL*

We have similar reservations concerning jurisdiction over the appeal in the Tanners case. The district court summarized the decision of the bankruptcy court and indicated its general approval of its actions. The district court concluded that the bankruptcy court correctly determined that Halbert unlawfully withdrew funds from a $26,600 retainer fee on several occasions "until it was fully depleted without filing supplemental disclosures or seeking Court approval" and thereby violated Bankruptcy Rule 2016(b) and 11 U.S.C. § 330. The district court held that the bankruptcy court correctly determined that Halbert violated these and other fiduciary obligations imposed on him by bankruptcy law and

that the debtor had executed in favor of the insurance company was fraudulent. The bankruptcy court determined that the insurance policy did not cover the accident, and it held that the release that the debtor had executed in favor of the insurance company was not fraudulent. On appeal, the district court affirmed the bankruptcy court's determination that the policy did not cover the accident, but it remanded the issue involving the release to the bankruptcy court for further factual determinations.

We determined that the district court's order was a final and appealable order because the "legal issue concerning the interpretation of the insurance policy [was] the central, determinative issue underlying [the] dispute." *Id.* at 92. Even though the district court's "*remand* directed further factual determinations on a question of whether the release was fraudulent," the court explained that this "question becomes academic if [the insurance company] were found not liable under the insurance policy at issue." *Id.* (emphasis in original). Thus, after our decision in *Gardner*, an appeal of a district court order reviewing a bankruptcy court decision would appear to qualify as a final and appealable order so long as the district court does not "remand[ ] the case for a *factual* determination on an issue *central* to the case." *Id.* at 91 (emphasis in original).

The court's decision in *Gardner* is directly analogous to the present case. Here, the bankruptcy court denied Halbert's fee application in the Tanners' bankruptcy case because it determined that he had received undisclosed merchandise transfers during the ninety-day preference period and therefore did not qualify as a disinterested person within the meaning of 11 U.S.C. § 327(a). The bankruptcy court also determined that Halbert had violated the disclosure requirements set forth in 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b). The district court affirmed the bankruptcy court's denial of Halbert's fee application on grounds that Halbert did not qualify as a disinterested person pursuant to § 327(a), explaining that "[t]he Bankruptcy Court correctly determined that, as a result of receiving transfers of value

– the Bankruptcy Rule that incorporates Federal Rule of Civil Procedure 54(b) – applies to contested matters "unless the court otherwise directs"). Thus, I concur in the judgment of the majority and conclude that we do not have jurisdiction to hear Halbert's appeal in the Tanners' bankruptcy case because the district court did not issue a certification pursuant to Rule 54(b) as required by our precedents.

This circuit's current approach, which asks whether a district court has complied with the Rule 54(b) certification requirements when a district court has affirmed part of the bankruptcy court's decision and has remanded other parts of the case to the bankruptcy court for further proceedings, is simply a way of letting the district court initially decide whether the partial judgment is final. *See Brotherton v. Cleveland,* 173 F.3d 552, 559 (6th Cir. 1999) ("By its terms, Rule 54(b) applies only to final judgments."); *General Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1026-27 (6th Cir. 1994) ("The first step in certification, entry of partial final judgment, is satisfied where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action."). Indeed, Rule 54(b) certification is only appropriate if the district court's order affirming the bankruptcy court's determination of a claim but remanding certain issues to the bankruptcy court for further factual findings qualifies as a final and appealable order.

This circuit has addressed the underlying question of finality on one occasion. *See Breyfogle v. Grange Mut. Cas. Co. (In re Gardner),* 810 F.2d 87 (6th Cir. 1986). In *Gardner,* this court determined that it had jurisdiction to hear a bankruptcy appeal even though a district court had reversed and remanded part of the bankruptcy court's decision. The plaintiffs in *Gardner* sued a debtor and his insurance company for the personal injuries that they sustained in an automobile accident involving the debtor. The plaintiffs sought damages from the debtor's insurance company on grounds that the insurance policy at issue covered the automobile accident. The plaintiffs also alleged that a release

that it properly denied his fee applications as sanctions. The district court also found sufficient evidence supporting the bankruptcy court's finding that Halbert violated Bankruptcy Rule 2014(a) by failing to disclose that he had received merchandise transfers from Tanners within ninety days of the Yousifs' and Tanners' bankruptcy filings, thus disqualifying himself under 11 U.S.C. § 327(a) to serve as Tanners' counsel.

After approval of the bankruptcy court's decision to deny Halbert's fees on a number of bases, the district court added this observation calling for the vacating of at least a part of the bankruptcy court's determination:

The Court, after noting that "[c]learly, there was an agreement that Tanners would pay for those services, but Halbert did not disclose such an agreement," concluded that Halbert's failure to disclose this agreement violated his disclosure duties under § 329(a) and Rule 2016(b). *Id.*

Although it is undoubtedly plausible to deduce that a fee agreement existed between Halbert and Tanners for these services in contemplation of bankruptcy, there is no direct information relating to any such agreement in any of the material upon which the Bankruptcy Court relied. Thus, there is no extrinsic evidence from which the Bankruptcy Court could have found that this agreement existed, the method of payment, or the date on which it was mutually accepted by, and binding upon, the parties. Consequently, the applicable standards of review for the Appellees' dispositive motion preclude the Bankruptcy court from having found sufficient material facts from which the existence and terms of the parties' agreement could be determined.

Strict compliance with the directive to draw all reasonable inferences in favor of Halbert should have resulted in the Bankruptcy Court making no finding about such an agreement. Apart from whether this directive required the assumption that Halbert agreed to

work on the bankruptcy pro bono, about which this Court expresses no opinion, the Bankruptcy Court improperly assumed that any such agreement fell within the bounds of § 329(a) and Rule 2016(b). This conclusion was reached even though Halbert presented uncontested extrinsic evidence which indicated that his only fee agreement with Tanners was achieved on September 1, 1993, more than one year before its petition was filed. Indeed, Halbert contends on appeal that this fee agreement, which provided for an hourly fee of $165, is the only one relating to the bankruptcy, a claim which is undisputed by the Appellees.

While the Court expresses no opinion as to whether Halbert was under a duty to disclose this fee agreement, it is apparent that the Bankruptcy Court drew inferences against him based on an incomplete understanding of the facts and the parties' positions on this issue. The Bankruptcy Court also failed to set forth on the record the basis for this alleged violation while at the same time being unable to establish the date on which the alleged agreement was entered. *Cf. In the Matter of Prudhomme*, 43 F.3d 1000, 1002-03 (5th Cir. 1995) (court can order disgorgement of fee paid more than one year before filing of petition because one year limitation period in § 329(a) is rebuttable presumption that any compensation paid before pre-petition year period is not in contemplation of bankruptcy and consequently § 329(a) does "not provide a limitations period beyond which the court cannot reach."). Therefore, the findings and conclusions of the Bankruptcy Court on this issue must be vacated.

. . . .

[T]he Bankruptcy Court gives no indication of having evaluated his argument that the November 19, 1994 merchandise transfer, as well as other merchandise deliveries, could be applied exclusively to non-bankruptcy related services that were provided before the petitions were filed. Moreover, the Bankruptcy Court

described as "full blown federal lawsuits within the larger bankruptcy case," and are initiated when a party files a complaint with the bankruptcy court. *Section 1120(A)(1) Comm. of Unsecured Creditors v. Interfirst Bank Dallas, N.A.(In re Wood and Locker, Inc.),* 868 F.2d 139, 142 (5th Cir. 1989) (quotation omitted). Rule 54(b) applies to adversary proceedings that are brought within the context of a larger bankruptcy proceeding through Bankruptcy Rule 7054, which incorporates Rule 54(b). *In re Millers Cove Energy Co.,* 128 F.3d at 451.

In the Tanners' bankruptcy case, Halbert filed an application with the bankruptcy court for the payment of attorney fees, and Tanners responded by filing an objection to his fee application. I do not believe that these proceedings qualify as adversary proceedings pursuant to Bankruptcy Rule 7001,[3] *see, e.g., In re Chambers,* 140 B.R. 233, 239 (N.D. Ill. 1992) ("The court agrees with the bankruptcy court's finding that the Rule 7001 does not govern requests for attorneys fees."); 10 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 9014.01 (15th ed. 1998) (explaining that "contested applications for the payment of professional fees" are "contested matters," which "do not qualify as adversary proceedings because they are not defined as such by Rule 7001"); instead, I believe that this case is more properly characterized as a contested matter. *See* FED. R. BANKR. P. 9014.

Nevertheless, I believe that consistent with our precedents the district court must issue a certification pursuant to Rule 54(b) before Halbert may appeal the district court's order affirming the bankruptcy court's denial of his fee application because the Bankruptcy Rules state that the Rule 54(b) certification requirements apply to contested matters. *See* FED. R. BANKR. P. 9014 (stating that Bankruptcy Rule 7054

---

[3] I do not agree with the majority's decision to "view this appeal as an adversary proceeding to determine Halbert's eligibility for attorney's fees and liability for sanctions and apply Federal Rules of Bankruptcy Procedure 7054 and 7001(1)."

appealable to this court, unless the further proceedings contemplated are of a purely ministerial character."), *cert. denied*, 522 U.S. 1014 (1997), *with Official Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland County MH/MR*, 183 F.3d 273 (3rd Cir. 1999) (holding that an appeal involving a district court order remanding part of a case to the bankruptcy court for further proceedings is final and appealable if the policy considerations underlying the bankruptcy proceedings would be furthered by an immediate appeal).

This circuit has adopted a unique approach for determining whether an appeal from a judgment by a district court remanding a case to the bankruptcy court for further proceedings is a final and appealable order. *See In re Millers Cove Energy Co.,* 128 F.3d at 450-52; *Seor, Inc. v. Textron Oil Corp. (In re Frederick Petroleum Corp.),* 912 F.2d at 853-54. In an attempt to "establish[ ] a much-needed, bright-line test for determining finality [and] providing certainty for litigants," we have held that a bankruptcy appeal is not final unless the district court complies with the certification requirement of Federal Rule of Civil Procedure 54(b). *In re Frederick Petroleum Corp.,* 912 F.2d 850, 853-54 (6th Cir. 1990); *see also In re Millers Cove Energy Co.,* 128 F.3d at 451-52. As the court in *Millers Cove* explained, "In the absence of certification under Rule 54(b) as to the finality of a partial disposition by the district court in a bankruptcy proceeding, any partial disposition is deemed non-final for purposes of appeal." *Id.* at 452.

The court in *Millers Cove*, however, was careful to point out that the bankruptcy dispute at issue in the case was brought as an adversary proceeding pursuant to Bankruptcy Rule 7001.[2] *Id.* at 451-52. Adversary proceedings have been

[2]Bankruptcy Rule 7001 sets forth those proceedings that qualify as adversary proceedings: An adversary proceeding includes "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002."

does not appear to have addressed Tanners' argument that all of the merchandise transfers to Halbert were in payment of pre-1994 fee obligations.

As a consequence, it appears that the Bankruptcy Court did not evaluate this issue in a light most favorable to Halbert. Hence, its findings and conclusions with regard to this matter must be vacated.

. . . .

The Bankruptcy Court held that Halbert violated his disclosure duties under Rule 2016(b) by not revealing the receipt of six post-confirmation fees from Tanners, totaling $51,868.92.

. . . .

. . . [T]he record on this issue is insufficient and, thus, it precludes any meaningful judicial review of the contested issue.

. . . .

For these reasons, the findings and conclusions of the Bankruptcy Court on this issue are vacated.

(footnotes omitted). Despite vacating the bankruptcy court's opinion and judgment in several particulars as above-related, the district court proceeded to find that "the Bankruptcy Court's denial of Halbert's fee application in the Tanners' case was fully warranted."

The judgment, however, concluded:

The denial by the Bankruptcy Court of Halbert's fee application in the Tanners' bankruptcy case is affirmed, *although certain findings of fact and conclusions of law upon which the holding by the Bankruptcy Court was based are vacated* and remanded to the Bankruptcy Court.

(emphasis added). Under the circumstances, although the district court has noted affirmance of the bankruptcy court in the Tanners case in a number of aspects, we confess that we cannot determine, due to what we perceive are, at best, ambiguities in the lengthy decision of the district court, whether there has been rendered a final judgment within the meaning of § 1291 in the Tanners case. "Certain findings . . . upon which the holding by the Bankruptcy Court was based" were "vacated and remanded," and are relevant to the issues presented in this appeal. "If . . . the district court order remands the case for a *factual* determination on an issue *central* to the case, the district court order is determined not to be appealable because the case cannot be resolved properly until the appropriate fact-finder, the bankruptcy court, makes necessary factual findings." *Breyfogle v. Grange Mutual Casualty (In re Gardner)*, 810 F.2d 87, 91-92 (6th Cir. 1987). Because the bankruptcy court serves as an "adjunct" to the district court, "we view all the proceedings in this action, whether in the Bankruptcy Court or the District Court as one proceeding in bankruptcy." *Seon, Inc. v. Textron Oil Corp. (In re Frederick Petroleum Corp.)*, 912 F.2d 850, 853 (6th Cir. 1990). Thus, we view this appeal as an adversary proceeding to determine Halbert's eligibility for attorney's fees and liability for sanctions and apply Federal Rules of Bankruptcy Procedure 7054 and 7001(1) and Fed. R. Civ. P. 54(6). *See, id.* at 853-54; *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 128 F.3d 449 (6th Cir. 1997). Rule 54(b) provides that:

   **(b)  Judgment Upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated,

---

**CONCURRENCE**

---

   KAREN NELSON MOORE, Circuit Judge, concurring. I join Part I of the majority's opinion because I agree that the district court's order remanding Halbert's fee application in the Yousifs' bankruptcy case is not a final and appealable order. I concur in the judgment of the majority with respect to Part II of its opinion, but I write separately to clarify this circuit's approach for determining "the finality of district court orders remanding a case for further proceedings in bankruptcy court." *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.),* 128 F.3d 449, 451 (6th Cir. 1997).[1]

   We have jurisdiction to review only the "final decisions, judgments, orders, and decrees" of a district court when a district court has acted in an appellate capacity and has reviewed a bankruptcy court decision. 28 U.S.C. § 158(d); *see also In re Millers Cove Energy Co.*, 128 F.3d at 451. Courts of appeals, however, have had a difficult time agreeing on exactly what constitutes a final decision when reviewing an appeal of a district court order reviewing a bankruptcy court decision – particularly when a district court has affirmed part of the bankruptcy court's decision and has remanded other parts of the case to the bankruptcy court for further proceedings. *Compare In re Lopez,* 116 F.3d 1191, 1192 (7th Cir.) (holding that "a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not

---

   [1]I write separately only with respect to Part II of the majority's opinion, which addresses the part of the district court's order that affirms the bankruptcy court's denial of "Halbert's fee application in the Tanners' bankruptcy case," and vacates and remands to the bankruptcy court "certain findings of fact and conclusions of law upon which the holding by the Bankruptcy Court was based." *Halbert v. Yousif,* 225 B.R. 336, 360 (E.D. Mich. 1998).

which adjudicates fewer than all the claims or other rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956) ("[Rule 54(b)] does not supersede any statute controlling appellate jurisdiction. It scrupulously recognizes the statutory requirement of a 'final decision' under § 1291 as a basic requirement for an appeal to the court of appeals.").

The district court has made no determination that "there is no just reason for delay" on a final judgment entered as "to one or more but fewer than all the claims or parties." No Rule 54(b) certification was issued or requested. "In the absence of certification under Rule 54(b) as to the finality of a partial disposition by the district court in a bankruptcy proceeding, any partial disposition is deemed non-final for purposes of appeal." *In re Millers Cove Energy Co.*, 128 F.3d at 452.

We therefore lack subject matter jurisdiction under 28 U.S.C. § 158(d) and must dismiss the appeal. *See id.*

We pass to another matter of concern on the issue of jurisdiction--Halbert's notice of appeal, which is set out below:

been met; first, the district court must "clearly evidence[] its intent that the opinion . . . represent[ed] the final decision in the case;" second, the judgment must have been "properly recorded on the clerk's docket;" and third, "the appellee from the district court [must not have] objected to perfecting the appeal from that order."

*Whittington v. Milby*, 928 F.2d 188, 192 (6th Cir.), *cert. denied*, 512 U.S. 883 (1991) (quoting *Bankers Trust v. Mallis*, 435 U.S. 381, 387 (1978)).

In this case, a remand for entry of a separate judgment while retaining jurisdiction over the appeal would serve no purpose if the judgment was not a final appealable order. Likewise, even if the district court had entered a separate document, we still would need to inquire into its finality. *See Bankers Trust*, 435 U.S. at 385-86 n.6 ("Even if a separate judgment is filed, the courts of appeals must still determine whether the district court intended the judgment to represent the final decision in the case."); *see also Green v. Nevers*, No. 98-1695, 1999 WL 1044239 *n.2 (6th Cir. Nov. 19, 1999).

Accordingly, we find that we clearly have no jurisdiction in the Yousifs' appeal. We must also decline jurisdiction in the attempted Tanners' appeal for the reasons indicated because it is premature.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD M. HALBERT,          C O N S O L I D A T E D
                         APPEALS

   Appellant,          Case Nos.  97-CV-75047
                                     97-CV-75048

v.                        Hon. Julian Abele Cook, Jr.

SAMI YOUSIF, SANA YOUSIF, and
FLORENCE TANNERS, INC.,

   Appellees.

_____/

NOTICE OF APPEAL

   Todd M. Halbert ("Appellant") appeals as a matter of right from that certain Order entered by the District Court on July 2, 1998.

   The parties to the Order appealed from and the names of their respective attorneys are as follows:

   Sami Yousif and Sana Yousif:  C. William Garratt, Esq.

   Florence Tanners, Inc.:  C. William Garratt, Esq.

_____
TODD M. HALBERT (P33488)
Counsel for Appellant
24359 Northwestern Hwy., #250
Southfield, MI  48075
(243) 356-6204

DATED:  July 10, 1998

The notice of appeal may be insufficient because, among other things, it does not name the court to which appeal is taken. See, however, *Dillon v. United States*, 184 F.3d 556 (6th Cir. 1999) (en banc) (holding that "where only one avenue of appeal exists, [Fed. R. App. P.] 3(c)(1)(C) is satisfied even if the notice of appeal does not name the appellate court"). The notice makes no reference to a separate judgment entry that appears in the joint appendix in the Tanners case. The only reference is to the lengthy "Order" from which we have cited a number of excerpts. The "Order" is really an opinion dealing with two separate cases, one of which we have found to be clearly not appealable.

   Furthermore, the record does not reflect that there was a separate judgment entry, pursuant to Fed. R. Civ. P. 58, which mandates entry of a separate document. This requirement may be waived, however, under certain circumstances. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978). In the present case, the district court entered its order on the docket sheet, and the defendants did not object to perfecting the appeal from that order. However, because it remanded the Yousifs case in its entirety and the Tanners case in part for further findings, it is certainly arguable that the district court did not evidence clear intent that the opinion be a final decision in the case and thus did not meet the requirements for waiver.

   In certain cases "although the absence of a separate document does not foreclose appellate review, . . . 'the question raised by [the] appeal can be more fully considered if the decision below is made explicit in a judgment.'" *Beukema's Petroleum Co. v. Admiral Petroleum Co.*, 613 F.2d 626, 628-29 (6th Cir. 1979) (holding that *Bankers Trust* applied to appeals from preliminary injunctions) (quoting *Turner v. Air Transport Lodge 1894*, 585 F.2d 1180 (2d Cir.), *cert. denied*, 442 U.S. 919 (1978)).

   Following *Bankers Trust*, this court held that

     [T]he parties to an appeal may waive the separate judgment requirement where three conditions have