cases make clear to us that the approach used in *In re Gardner* was limited to that case and this Circuit has refused to extend that approach further. Thus, the question of finality of a partial judgment turns only on Fed. R. Civ. P. 54(b) certification. This Circuit has "establishe[d] a much-needed, bright-line test for determining finality" under § 158(d) through "[t]he application of Rule 54(b) to bankruptcy proceedings." *In re Frederick Petroleum*, 912 F.2d at 853-54.

Unlike the previous cases using Rule 54(b), this case is a contested matter rather than an adversary proceeding. *See* 5 WILLIAM L. NORTON, NORTON BANKR. L. & PRAC. § 123:10 (2d ed. 1997) (stating that Bankruptcy Rule 3007 views objections to proof of claims as "contested matter[s] under Bankruptcy Rule 9014 unless the objection to the claim is joined with a demand for relief of the kind described in Bankruptcy Rule 7001"). Nevertheless, Rule 54(b) applies with equal force because Fed. R. Bankr. P. 9014 incorporates Rule 7054, which in turn incorporates Fed. R. Civ. P. 54(b). *See* Fed. R. Bankr. P. 9014; *see also In re Yousif*, 201 F.3d at 782 (Moore, J., concurring). Using the 54(b) certification approach, we conclude that the district court's order is not final because it was not certified.

### III.

For the foregoing reasons, we dismiss this appeal for lack of subject matter jurisdiction.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0106P (6th Cir.)
File Name: 01a0106p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

In re: TONYA MAE BROWN, EUGENE and ANITA TOIVONEN, and DORIS ANN BERRY,

      *Debtors.*

          No. 00-5165

———————

INTERNAL REVENUE SERVICE,

      *Appellee,*

      *v.*

HENRY EDWARD HILDEBRAND, III, Trustee,

      *Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 99-00020, 99-00021, 99-00022—Robert L. Echols,
Chief District Judge.

Argued: March 13, 2001

Decided and Filed: April 9, 2001

Before:  KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.[*]

---

**COUNSEL**

**ARGUED:**  Henry Edward Hildebrand III, CHAPTER 13 STANDING TRUSTEE, Nashville, Tennessee, for Appellant. Alice L. Ronk, UNITED STATES DEPARTMENT OF JUSTICE, APPELLATE SECTION TAX DIVISION, Washington, D.C., for Appellee. **ON BRIEF:** Henry Edward Hildebrand III, CHAPTER 13 STANDING TRUSTEE, Nashville, Tennessee, for Appellant. Alice L. Ronk, Bruce R. Ellisen, UNITED STATES DEPARTMENT OF JUSTICE, APPELLATE SECTION TAX DIVISION, Washington, D.C., for Appellee.

---

**OPINION**

---

KENNEDY, Circuit Judge.  The Bankruptcy Trustee brought this appeal from the district court's judgment reversing the decision of the bankruptcy court and remanding for further proceedings consistent with the district court's opinion.  The creditor, the Internal Revenue Service (IRS or Service), urges us to dismiss this appeal for lack of subject mater jurisdiction by virtue of the fact that the district court's decision was not a final judgment and therefore not appealable under 28 U.S.C. § 158(d).

We agree with the IRS's position.  Our precedent establishes that we will not deem final a district court's decision remanding to a bankruptcy court for further proceedings if the district court has not certified the decision

---

[*] The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

we were free to consider different approaches to resolving the issue. *In re Frederick Petroleum* involved an appeal from the district court's reversal of a bankruptcy court decision finding that several oil and gas leases were not "leases of nonresidential real property for the purposes of § 365(d)(4)" and therefore not part of the bankruptcy estate.  912 F.2d at 852.  We read the *In re Gardner* decision as "[l]imiting [its] holding to the specific circumstances presented in that case." *Id.* at 853.  *In re Gardner*, moreover, did "not raise or decide the Rule 54(b) certification issue," we observed.  *Id.* Therefore, we reasoned, we were free to embark on another path.  We concluded that a better approach was to deem district court decisions remanding for further proceedings final only if they were certified pursuant to Fed. R. Civ. P. 54(b).  As in *In re Gardner*, it appears that had we reversed the district court's ruling, the case would have ended. Consequently, the Trustee's argument that *In re Gardner* deals with a different type of circumstance than our more recent decisions is not tenable.

We again refused to adopt the *Gardner* approach in *In re Millers Cove*.  Following the approach adopted in *In re Frederick Petroleum*, we instructed that *In re Gardner* was not binding because it was limited to "the particular facts of that case" and "the coverage issue was a pure question of law and [the] Court's resolution of the issued ended what had been protracted litigation," (twelve years).  *In re Millers Cove*, 128 F.3d at 451.  In *In re Yousif*, we followed the *In re Frederick Petroleum* approach.  *See* 201 F.3d at 778-79. Concurring in the result, Judge Moore noted that the thrust of *In re Gardner*--a district court's judgment is final if the appellate court's decision on one issue would render the remainder of the case academic--was applicable to *Yousif. Id.* at 782-83 (Moore, J., concurring) ("The court's decision in *Gardner* is directly analogous to the present case.").[3]  These

---

[3] Judge Moore was arguing that *In re Gardner's* approach was still significant to the determination of whether a district court order was final because Rule 54(b) applied only to final judgments.  Consequently, Judge Moore argued, using 54(b) just begged the question.

Bankruptcy Court or the District Court, as one proceeding in bankruptcy." *In re Frederick Petroleum Corp.*, 912 F.2d at 853; *see also In re Yousif*, 201 F.3d at 778. So our statement in *In re Waterman & Associates* is unremarkable. What is remarkable is the Trustee's extension of the principle to mean that for the purposes of determining finality under § 158(d), we look only to what happened in the bankruptcy court. The language of the statute tells us otherwise. Section 158(d) provides us with subject matter jurisdiction to review final decisions entered under subsections (a) and (b) of that section. Subsections (a) and (b) of § 158 deal with decisions of district courts and bankruptcy appellate panels. 28 U.S.C. § 158(a)&(b). Hence, we are to inquire into the finality of their decisions; not the finality of the bankruptcy court's decision.

The Trustee's second argument fares no better than its first. The Trustee overstates the precedential value of *In re Gardner*. In *In re Gardner*, the district court reversed the bankruptcy court on two issues. The first issue was a pure question of law that required no further factual development, the second was remanded for further factual findings. The debtor appealed. Recognizing the split among the circuits on the issue of whether a partial judgment was considered final and therefore vested appellate courts with jurisdiction, we found persuasive the reasoning of those circuits that found jurisdiction. Limiting our holding to the "particular circumstances of [the] case," we reasoned that because (1) the first issue was outcome determinative--that is, reversing the district court on the first issue would end the case--and (2) the first issue was purely legal and required no further factual findings, the order could be considered final. *In re Gardner*, 810 F.2d at 92. If that were the last of our cases on the matter of finality, the Trustee's position may have some merit. But it is not.

As our more recent opinions on the subject of finality have observed, in *In re Gardner*, we limited our holding to the facts before us. The next published opinion to address the question of finality, *In re Frederick Petroleum*, implied that

pursuant to Fed. R. Civ. P. 54(b). No certification was requested or issued. Accordingly, we dismiss for lack of subject matter jurisdiction.

## I.

The facts of the cases appealed by the IRS are undisputed.[1] In each of the Chapter 13 cases appealed, the debtor failed to list the IRS on his or her schedules or statements. Consequently, the IRS did not receive notice of filings. In each case the IRS became aware of the Chapter 13 filing only after the plans were confirmed and the 11 U.S.C. § 502(b)(9) time limitation for filing proof of claims had expired. Shortly after becoming aware of the proceedings, the IRS filed proof of claims in the respective proceedings.

Pursuant to § 502(b)(9), the Trustee moved to disallow the Service's claims as untimely. The IRS countered that the time period was equitably tolled until it received notice of the proceedings. The bankruptcy court rejected the IRS's position, concluding that the plain language of § 502(b)(9) did not provide for equitable tolling and therefore dismissed the claims. *See In re McQueen*, 228 B.R. 408, 411 (Bankr. M.D. Tenn. 1998). The Service appealed the ruling in its three cases to the District Court for the Middle District of Tennessee. Exercising jurisdiction pursuant to § 158(a)(1), the district court reversed the bankruptcy court, ruling that "where a government unit receives no notice of entry of an order for Chapter 13 relief until after the period for filing claims has passed, that unit's claim is not automatically barred by 11 U.S.C. § 502(b)(9)." *Internal Revenue Service v. Hildebrand*, 245 B.R. 287, 291 (M.D. Tenn. 2000). Consequently it remanded the case for "proceedings consistent with the Court's ruling." *Id.*

The Trustee appealed the decision.

---

[1] The bankruptcy order dealt with fifteen cases.

## II.

The Service contends that we need not reach the merits of the case because we lack subject matter jurisdiction as the district court's decision was not a final decision under § 158(d).

We review de novo jurisdictional questions. Because bankruptcy courts operate as adjuncts to district courts, we "view all proceedings in this action, whether in the Bankruptcy Court or the District Court, as one proceeding in bankruptcy." *In re Frederick Petroleum Corp.*, 912 F.2d 850, 853 (6th Cir. 1990); *see also In re Yousif*, 201 F.3d 774, 778 (6th Cir. 2000).

Under 28 U.S.C. § 158(d), we have jurisdiction to hear "all final decisions, judgments, orders, and decrees entered" by a district court which was hearing an appeal from a bankruptcy court ruling. 28 U.S.C. § 158(d). The IRS contends that the district court's decision remanding to the bankruptcy court was not final because the district court did not certify the decision pursuant to Fed. R. Civ. P. 54(b).[2] In support of its argument, the Service cites our decisions in *In re Yousif*, 201 F.3d at 778, *In re Millers Cove Energy, Inc.*, 128 F.3d 449 (6th Cir. 1997), and *In re Frederick Petroleum Corp.*, 912 F.2d at 853.

The Trustee counters with two arguments. First, it argues, for the first time at oral argument, that our jurisprudence has looked at bankruptcy appeals in the wrong posture. Relying on our statement in *In re Waterman & Associates, Inc.*, 227 F.3d 604, 607 (6th Cir. 2000), that "we directly review the bankruptcy court's decision rather than the district court's review of the bankruptcy court's decision," *id.*, the Trustee insists that we must view the finality question in the same manner. That is, the Trustee argues § 158(d)'s reference to final decisions requires us to look back to the judgment of the bankruptcy court. If that judgment was final, then we have subject matter jurisdiction.

Second, the Trustee protests that the Service's argument oversimplifies the landscape of our jurisprudence on what constitutes a final decision for purposes of § 158(d). According to the Trustee's brief, there are two situations in which the issue of finality may arise. One situation involves a partial decision by the district court where the remand to the bankruptcy court would involve additional fact finding. That situation, the Trustee argues, is represented by our decisions cited by the Service. The second situation involves cases in which the district court remands for further proceedings but the facts of the case are undisputed. Those cases, it insists, continue to be governed by our decision in *In re Gardner*, 810 F.2d 87 (6th Cir. 1987). In *In re Gardner* we found we had subject matter jurisdiction despite the district court's remand for further proceedings because the facts of the case were undisputed and if we affirmed the district court on the issue appealed, the remainder of the case became of no consequence. *See id.* at 92. This case, the Trustee concludes, belongs in the second category.

We are not persuaded by either of the Trustee's arguments. In the very cases that have established our method of determining finality, we have noted that we "view all proceedings in [bankruptcy] action[s], whether in the

---

[2]Rule 54(b) reads,

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

Fed. R. Civ. P. 54(b).