*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0003p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――――

FIORAVANTE SETTEMBRE,

*Appellee,*

*v.*

No. 08-5083

FIDELITY & GUARANTY LIFE INSURANCE CO.;
NATIONAL LIFE INSURANCE COMPANY; LIFE
EVENT ADVANTAGE DIVISION OF LIFE
INSURANCE COMPANY OF THE SOUTHWEST,

*Appellants.*

Appeal from the United States District Court

for the Western District of Kentucky at Louisville.

No. 07-00129—Joseph H. McKinley, Jr., District Judge.

Argued: October 28, 2008

Decided and Filed: January 7, 2009

Before: NORRIS, ROGERS, and KETHLEDGE, Circuit Judges.

―――――――――――――

**COUNSEL**

**ARGUED:** Mary Elizabeth Eade, FULTZ, MADDOX, HOVIOUS & DICKENS, Louisville, Kentucky, for Appellants. Russ L. Wilkey, RUSS WILKEY, P.S.C., Owensboro, Kentucky, for Appellee. **ON BRIEF:** Mary Elizabeth Eade, FULTZ, MADDOX, HOVIOUS & DICKENS, Louisville, Kentucky, for Appellants. Russ L. Wilkey, RUSS WILKEY, P.S.C., Owensboro, Kentucky, for Appellee.

1

_____

**OPINION**

_____

KETHLEDGE, Circuit Judge.   In this matter, the bankruptcy court granted the appellants (collectively, "Fidelity") summary judgment on their complaint against the debtor, Fioravante Settembre, for denial of a discharge.   The district court reversed and remanded the case for trial on Fidelity's complaint.   Fidelity now seeks review of the district court's order.

I.

Between August 2001 and July 2003, Settembre and a third party borrowed approximately $700,000 from Fidelity to fund a business venture called InsBanc, Inc.   The venture apparently failed, and, on October 15, 2005, Settembre filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.   At Fidelity's request, the bankruptcy court thereafter ordered Settembre to produce business records for the years 2003-05.   After repeated delays, Settembre produced very few of the records that he was ordered to produce, and claimed the rest no longer existed.

In response, Fidelity filed a complaint under 11 U.S.C. § 727(a)(3), in which it sought to deny Settembre a discharge based upon his alleged failure to maintain records from which his financial condition could be ascertained.   Fidelity thereafter moved for summary judgment on its complaint. The bankruptcy court granted the motion, finding that Settembre was a "sophisticated person" who should have been able to produce the requested documents, and that his reason for not doing so—that he had lost them in a move—was "patently insufficient."

Settembre appealed to the district court, which reversed.   That court held that Settembre "should have the opportunity to testify and present evidence regarding his level of sophistication, the complexity of his financial situation, the nature of [his] account[s], whether there are independent means of substantiating his financial transactions, and any

other relevant information." Accordingly, the district court remanded the case for trial on Fidelity's complaint. Fidelity now seeks review of that order.

II.

We must determine whether the district court's remand order is a "final" one over which we have jurisdiction under 28 U.S.C. § 158(d)(1). Most circuits—by our count, nine of them—hold that a district court order remanding a case to the bankruptcy court "is not final and appealable unless the remand is for 'ministerial' proceedings." *In re Holland*, 539 F.3d 563, 565 (7th Cir. 2008) (collecting cases). A minority of circuits—the Third and the Ninth—"apply multi-factor balancing tests to determine whether an order is final and appealable in this context." *Id.* (collecting cases). Their tests essentially boil down to the question whether "on balance the goal of an expeditious winding up of the bankruptcy proceeding will be furthered by allowing an immediate appeal." *In re Lopez*, 116 F.3d 1191, 1193 (7th Cir. 1997).

This circuit's approach has been a body in motion. We passed very near the minority rule in *In re Gardner*, 810 F.2d 87 (6th Cir. 1987), where we exercised jurisdiction over a district court order remanding the case to the bankruptcy court for further litigation of two issues, one legal and one factual. We deemed the order final because the legal issue required "no further factual development" and, standing alone, was potentially dispositive of the case. *Id.* at 92. We expressly limited our holding, however, to "the particular circumstances" of that case. *Id.*

Since then we have moved away from the minority rule. In *In re Frederick Petroleum,* 912 F.2d 850 (6th Cir. 1990), the district court's order would have been deemed final had we followed the *Gardner* approach. *See In re Brown*, 248 F.3d 484, 488 (6th Cir. 2001). But we declined to follow *Gardner*, instead reading it to be "limited to the specific circumstances of that case." *Frederick Petroleum*, 912 F.2d at 853. We further observed that Bankruptcy Rule of Procedure 7054 incorporates by reference Federal Rule of Civil Procedure 54; and we held that the district court's "partial disposition" of the case was not final because the district court had not certified its order as such under Rule 54(b). *Id*. at 854.

We again declined to follow *Gardner* in *In re Miller's Cove*, 128 F.3d 449 (6th Cir. 1997). There—notwithstanding the presence of a legal issue that, standing alone, was potentially dispositive of the case—we held that the district court's order was not final because it had not been certified under Rule 54(b). *Id.* at 452. This trend continued in *In re Yousif*, 201 F.3d 774 (6th Cir. 2000) where, absent a Rule 54(b) certification, we refused to exercise jurisdiction over an order "entered as 'to one or more but fewer than all the claims or parties.'" *Id.* at 779 (quoting Rule 54(b)). In a concurring opinion, Judge Moore reviewed our varying approaches to this issue and asserted that "we should adopt 'the prevailing view that courts of appeals lack jurisdiction over appeals from orders of district courts remanding for significant further proceedings in bankruptcy courts.'" *Id.* at 783 (Moore, J., concurring) (quoting *In Re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995)).

Finally, in *In re Brown*, 248 F.3d 484 (6th Cir. 2001), we analyzed in some detail the Sixth Circuit authority discussed above, and concluded: "These cases make clear to us that the approach used in *In re Gardner* was limited to that case and this Circuit has refused to extend that approach further. Thus, the question of finality of a partial judgment turns only on Fed. R. Civ. P. 54(b) certification." *Id.* at 488.

Since our 1987 decision in *Gardner*, then, this circuit has refused to exercise jurisdiction over bankruptcy appeals in which the district court has remanded the case for proceedings that were beyond ministerial. And we have rigorously applied the requirements of Rule 54(b) to partial judgments "entered as 'to one or more but fewer than all the claims or parties.'" *In re Yousif*, 201 F.3d at 779 (quoting Rule 54(b)).

This trajectory, we think, has brought us among the constellation of circuits that follow the majority rule. We clarify that position today, and hold expressly that "a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character." *Lopez*, 116 F.3d at 1192. Moreover, per our precedents as discussed above, Rule 54(b) continues to apply in bankruptcy appeals. Thus, "[w]hen an action presents more than one claim for relief[,]" or "multiple parties are involved," a partial judgment disposing of "fewer than all of the

claims or parties[,]" Fed. R. Civ. P. 54(b), is final only if the district court certifies the judgment under that Rule.

There are good reasons to follow the majority rule. First, "the majority rule is consistent with (in fact, it is identical to) the rule with regard to the finality of district court decisions in general[.]" *Lopez,* 116 F.3d at 1193. That makes sense as a textual matter; "final[ity]" is the prerequisite of our jurisdiction over district court orders in bankruptcy and non-bankruptcy cases alike. *See* 28 U.S.C. §§ 158(d), 1291. Subject to one caveat,[1] "final" should not mean one thing in the former cases and another in the latter. District court orders denying summary judgment in non-bankruptcy cases do not become final when based on "purely legal" grounds, no matter how dubious those grounds might be; and we see no reason to treat remand orders in bankruptcy cases any differently.

The majority rule also makes sense as a practical matter. The alternative minority rule—or rules, really, since "no single formulation has emerged as canonical"— "is *terribly* woolly," forcing courts to balance various interests that are themselves not crisply defined and that, in some formulations at least, devolve into a scattering of sub-factors which diffuse the analysis still further. *Lopez*, 116 F.3d at 1194 (emphasis in original). The result—as a comparison of "the lengths of the opinions applying [the majority] rule with the lengths of the opinions applying the minority rule" reveals, *id.*—is a great deal of litigation about when the merits of a case shall be litigated.

So we proceed to apply the majority rule here. In reversing the bankruptcy court's entry of summary judgment in Fidelity's favor, the district court held that, on the record before it, "there are enough questions to warrant a trial." A trial is not a

---

[1]The caveat concerns the definition of a case, not the definition of finality. As Judge Posner has explained:

A bankruptcy case is often a congeries of functionally distinct cases. The clearest example is that of the adversary action. Suppose the debtor has a tort claim against some third party. The trustee in bankruptcy will litigate that claim as an adversary action against the third party, embedded in the bankruptcy proceeding. Once the action is finally decided in the bankruptcy and district courts, the fact that the bankruptcy proceeding may be continuing is no reason to delay the appeal from the decision in the action, so the decision is deemed "final," and appeal allowed.

*Lopez*, 116 F.3d at 1193.

proceeding purely of a ministerial character.  We therefore lack jurisdiction over the order before us, and dismiss this appeal.