**In the Matter of Francisco LOPEZ, Debtor–Appellant.**

**No. 97–1089.**

United States Court of Appeals, Seventh Circuit.

Submitted April 11, 1997.

Decided June 27, 1997.

James K. Kenny (submitted on briefs), Oak Lawn, IL, for plaintiff–appellee.

**1192**

Richard C. Leng, Leng, Stowell, Friedman & Vernon, Chicago, IL, Charles S. Stahl, Jr., Wheaton, IL, for debtor–appellant.

Before POSNER, Chief Judge, and MANION and ROVNER, Circuit Judges.

POSNER, Chief Judge.

Before us is a motion to dismiss for lack of jurisdiction an appeal from a judgment by the district court remanding a case to the bankruptcy court for further findings. We asked the parties to brief the issue of our appellate jurisdiction. The appellant's brief cites cases from other circuits that might be thought to support appellate jurisdiction in a case such as this, but neglects to cite any case from this circuit—though our cases, as the cases the appellant *does* cite make clear, rule out such jurisdiction.

■ We write to reiterate this circuit's position but also to invite the Supreme Court's attention to a persistent circuit split that only the Supreme Court can heal. In a series of cases beginning with *In re Riggsby*, 745 F.2d 1153 (7th Cir.1984), this court has held that even if the decision of the bankruptcy court is final, a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character, such as calculating prejudgment interest when the amount of the judgment, the interest rate, and the period over which the interest is to be calculated are all uncontested. *In re Stoecker*, 5 F.3d 1022, 1026 (7th Cir.1993); *In re Jartran, Inc.*, 886 F.2d 859, 862 (7th Cir.1989); *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985); *In re Goldblatt Bros., Inc.*, 758 F.2d 1248, 1250–51 (7th Cir. 1985). In such a case, the proceedings on remand are highly unlikely to generate a further appeal, so deciding the issue appealed from immediately will save time without raising the spectre of piecemeal appeals. This is not such a case. The issue is whether the debtor fraudulently undervalued his assets and so should be denied a discharge of his debts. The purpose of the remand ordered by the district court is to determine the value of the debtor's principal asset under principles set forth in a recent decision by this court, *In re Prince*, 85 F.3d 314 (7th Cir.1996), because whether the debtor did undervalue his assets, and if so by how much, is important to the issue of fraudulent undervaluation, though not necessarily conclusive. It is apparent that such a remand is not ministerial, and therefore we have no appellate jurisdiction if we adhere to *Riggsby* and the cases following it.

Our position is not idiosyncratic. Indeed, it is followed in at least eight of the other circuits. See *In re Gould & Eberhardt Gear Machinery Corp.*, 852 F.2d 26 (1st Cir.1988); *In re Harrington*, 992 F.2d 3 (1st Cir.1993); *Bowers v. Connecticut National Bank*, 847 F.2d 1019, 1023–24 (2d Cir.1988); *In re Prudential Lines, Inc.*, 59 F.3d 327, 331–32 (2d Cir.1995); *In re Chateaugay Corp.*, 838 F.2d 59 (2d Cir.1988); *United States v. Carolina Parachute Corp.*, 907 F.2d 1469, 1472 n. 3 (4th Cir.1990); *Capitol Credit Plan of Tennessee, Inc. v. Shaffer*, 912 F.2d 749 (4th Cir.1990); *In re Bowman*, 821 F.2d 245 (5th Cir.1987); *In re County Management, Inc.*, 788 F.2d 311 (5th Cir.1986); *In re Vekco*, 792 F.2d 744 (8th Cir.1986); *In re Broken Bow Ranch, Inc.*, 33 F.3d 1005, 1008 (8th Cir. 1994); *In re Woods Farmers Cooperative Elevator Co.*, 983 F.2d 125, 127 (8th Cir. 1993); *In re Hansen*, 702 F.2d 728 (8th Cir.1983) (per curiam); *In re Commercial Contractors, Inc.*, 771 F.2d 1373 (10th Cir. 1985); *In re Rex Montis Silver Co.*, 87 F.3d 435, 438 (10th Cir.1996); *Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir.1992); *In re Grey*, 902 F.2d 1479, 1481 (10th Cir.1990) (per curiam); *In re TCL Investors*, 775 F.2d 1516, 1518–19 (11th Cir.1985); *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1028–29 (11th Cir.1989); *In re Miscott Corp.*, 848 F.2d 1190, 1192–93 (11th Cir.1988); *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1548 (11th Cir.1996); *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899 (11th Cir.1982) (per curiam); *In re St. Charles Preservation Investors, Ltd.*, 916 F.2d 727 (D.C.Cir.1990) (per curiam). One Eighth Circuit case, *In re Bestmann*, 720 F.2d 484, 486 (8th Cir.1983), is contrary, but in light of the number of

other Eighth Circuit cases supporting the majority rule appears to be an accident.

Two circuits clearly (the Third and the Ninth), and one possibly (the Sixth), allow an appeal from an order by the district court remanding the case to the bankruptcy court if on balance the goal of an expeditious winding up of the bankruptcy proceeding will be furthered by allowing an immediate appeal. See *In re Marin Motor Oil, Inc.*, 689 F.2d 445, 448–49 (3d Cir.1982); *In re Continental Airlines, Inc.*, 932 F.2d 282, 285–86 (3d Cir. 1991); *In re Meyertech Corp.*, 831 F.2d 410, 414 (3d Cir.1987); *In re Hammond*, 27 F.3d 52, 55 n. 5 (3d Cir.1994); *In re Blue Coal Corp.*, 986 F.2d 687, 689 (3d Cir.1993); *In re Comer*, 716 F.2d 168, 172 (3d Cir.1983); *In re Bonner Mall Partnership*, 2 F.3d 899, 904–05 (9th Cir.1993), cert. dismissed, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); *In re Stanton*, 766 F.2d 1283, 1285–87 (9th Cir. 1985) (per curiam); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 813–15 (9th Cir. 1985); *In re Dominguez*, 51 F.3d 1502, 1506–07 (9th Cir.1995); *In re United Insurance Management, Inc.*, 14 F.3d 1380 (9th Cir. 1994); *In re Martinez*, 721 F.2d 262, 265 (9th Cir.1983); *In re Gardner*, 810 F.2d 87, 91–92 (6th Cir.1987); but cf. *In re Frederick Petroleum Corp.*, 912 F.2d 850 (6th Cir.1990). These courts do not deny that the majority rule is consistent with (in fact, it is identical to) the rule with regard to the finality of district court decisions in general, but they defend their approach by pointing out that finality has traditionally been conceived more flexibly in the case of bankruptcy appeals. E.g., *In re Marin Motor Oil, Inc., supra,* 689 F.2d at 449; *In re Bonner Mall Partnership, supra,* 2 F.3d at 903. But this is true only in a very special and limited sense, and one that has no bearing on the appealability of a remand. A bankruptcy case is often a congeries of functionally distinct cases. The clearest example is that of the adversary action. Suppose the debtor has a tort claim against some third party. The trustee in bankruptcy will litigate that claim as an adversary action against the third party, embedded in the bankruptcy proceeding. Once the action is finally decided in the bankruptcy and district courts, the fact that the bankruptcy proceeding may be continuing is no

reason to delay the appeal from the decision in the action, so the decision is deemed "final," and appeal allowed. E.g., *In re Devlieg*, 56 F.3d 32, 33 (7th Cir.1995); *In re Kilgus*, 811 F.2d 1112, 1114–16 (7th Cir. 1987); *In re Morse Electric Co.*, 805 F.2d 262, 265 (7th Cir.1986).

Slightly more difficult are cases in which the district court, on appeal from the bankruptcy court, resolves the status of a creditor's claim, but no judgment is entered. For example, the trustee may have contested the claim and the court have resolved the contest in the creditor's favor; so his claim has been allowed, but how much of it he will be able to collect will depend on the number and priority of other claims and the value of the debtor's estate. An immediate appeal is allowed nonetheless, e.g., *In re Riggsby, supra,* 745 F.2d at 1155; *In re Jartran, Inc., supra,* 886 F.2d at 862, because in normal cases collection proceedings are post-judgement and because all issues bearing on the claim involved in the appeal have been resolved. As is *not* the case when the bankruptcy court's decision with regard to the creditor's claim (or, as in this case, the debtor's claim for a discharge) is remanded for further proceedings concerning that very claim.

■ None of *those* cases, in which an appeal is allowed before the bankruptcy proceeding has ended, is a precedent for allowing an appeal in this case. The minority rule, which allows an immediate appeal nevertheless upon a balancing of the pros and cons of relaxing the requirement of finality—a standard so loose that it might conceivably allow an immediate appeal in the present case—amounts to the assumption by a court of appeals of a discretionary authority to allow an interlocutory appeal in bankruptcy when, all things considered, such an appeal would be consistent with sound administration of the bankruptcy laws. This is plain from the formulation in *In re Bonner Mall Partnership, supra,* 2 F.3d at 904: "we balance two important policies: avoiding piecemeal appeals and enhancing judicial efficiency. We also consider the systemic interest in preserving the bankruptcy court's role as the finder of fact" (footnote omitted). The provision of the Judicial Code governing appeals

to the courts of appeals in bankruptcy cases does not authorize interlocutory appeals. It confines our jurisdiction to appeals from "final decisions, judgments, orders, and decrees." 28 U.S.C. § 158(d). Nor can the word "final" be thought, in light of tradition in bankruptcy cases, a term of art meaning "final or nonfinal," for we have seen that the tradition is narrower; it requires meaningful finality, albeit finality of the proceeding embedded in the overall bankruptcy case rather than of the bankruptcy case itself. The Supreme Court has been notably literal-minded of late in interpreting the provisions of the Judicial Code dealing with bankruptcy jurisdiction, see *Connecticut National Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992), and we think it unlikely to adopt the minority rule.

There are also compelling practical objections to the rule. It is *terribly* woolly, as the quotation from the *Bonner Mall* opinion will have illustrated. The Third Circuit's formulation is no more precise: it involves "balancing a general reluctance to expand traditional interpretations regarding finality and a desire to effectuate a practical termination of the matter before us. Factors to evaluate in this weighing process are the impact upon the assets of the bankrupt estate, the necessity for further factfinding on remand, the preclusive effect of our decision on the merits on further litigation, and whether the interest of judicial economy would be furthered." *In re Meyertech Corp., supra*, 831 F.2d at 414. (It is telling that no single formulation has emerged as canonical.) Jurisdictional rules ought to be simple and precise so that judges and lawyers are spared having to litigate over not the merits of a legal dispute but where and when those merits shall be litigated. *In re Kilgus, supra*, 811 F.2d at 1117. The majority rule requires distinguishing ministerial from nonministerial remands, ordinarily a simple task; just compare the lengths of the opinions applying that rule with the lengths of the opinions applying the minority rule. And we have not been made aware of any injustices that have resulted from the application of the majority rule. It is the sounder rule, and we therefore adhere to it and dismiss this appeal.

DISMISSED.