OPINION
 

 KENNEDY, Circuit Judge.
 

 Defendants in this adversary proceeding appeal the District Court’s order of remand to the Bankruptcy Court that directs the recalculation of damages due plaintiffs for defendants’ breach of two coal mining leases
 
 *450
 
 between the parties. Due to the absence of certification pursuant to Fed.R.Civ.P. 54(b) that the District Court order is final within the meaning of 28 U.S.C. § 158(d), this Court lacks subject matter jurisdiction to review the merits of this appeal, which we therefore dismiss.
 

 I. Procedural Background
 

 On August 28, 1991, plaintiffs-appellees Millers Cove Energy Company, Inc
 
 [1]
 
 ; Darrell Barnwell; Hubert D. Barnwell; Judy Barnwell; Carolyn B. Petry; Susan M. Kin-caid, Trustee under the Will of Joseph A. Kincaid, deceased; and Mt. Airy Farms (hereinafter collectively referred to as the “plaintiffs”) initiated an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Tennessee against defendants-appellants Ronald L. Moore; Ruby Moore, Robert Moore and Ronald L. Moore, Co-executors of the Last Will and Testament of Royce G. Moore, deceased; and the Ark Land Company (hereinafter collectively referred to as the “defendants”) seeking damages for the alleged breach of two coal mining leases entered into by the parties for failure of defendants to mine, and, a determination that plaintiffs had properly terminated the leases.
 

 The Bankruptcy Court found that while defendants had not mined the property as required by the terms of the leases, their failure to mine was excused and did not amount to a breach because,
 
 inter alia,
 
 mining was not economically feasible. The District Court affirmed. Another panel of this Court reversed in part holding that economic infeasibility did not excuse defendants from performing their contractual duty to mine.
 
 In re Millers Cove Energy Co., Inc.,
 
 62 F.3d 155, 159 (6th Cir.1995). The panel remanded the case to the Bankruptcy Court for a determination of damages caused by breach of the mining leases.
 
 Id.
 
 at 159.
 

 On remand from this Court, the Bankruptcy Court determined that plaintiffs were entitled to $123,101.23 in .damages. Both sides appealed this determination to the District Court. On September 26, 1996, the District Court reversed on three issues.
 

 First, it held that the Bankruptcy Court erred in finding that Plaintiffs were not entitled to damages after April 5,1989 — the date the leases were effectively terminated. The District Court declared that plaintiffs were entitled to recover lost royalties until plaintiffs sold the leases in 1991. Next, it held that the Bankruptcy Court erred in calculating the amount of damages by modifying the projected coal production schedule provided by plaintiffs’ expert, upon which the calculations were based, to reflect the actual amount of coal produced in the early years of the lease. Instead, the District Court found that the Bankruptcy Court should have used the
 
 unmodified
 
 testimony of plaintiffs’ expert to calculate lost royalties. Finally, the District Court held that the Bankruptcy Court had applied the wrong statute of limitations. The District Court remanded the case to the Bankruptcy Court with instructions to recalculate the amount of damages consistent with the District Court’s rulings. On October 10, 1996, defendants appealed the District Court’s remand order to this Court. Meanwhile, the Bankruptcy Court has been recalculating the damage amount pursuant to the challenged District Court order.
 

 II. Subject Matter Jurisdiction
 

 “Subject matter jurisdiction cannot be conferred on federal courts by consent of the parties. The existence of subject matter jurisdiction, moreover, is an issue that may be raised at any time, by any party or even sua sponte by the court itself.”
 
 Ford v. Hamilton Investments, Inc.,
 
 29 F.3d 255, 257 (6th Cir.1994) (citations,and internal quotations omitted). Despite informing this Court that appellate jurisdiction was “questionable” in light of Sixth Circuit precedent, neither side bothered to brief the issue of whether this Court has jurisdiction to review a district court order remanding the case to a bankruptcy court for further proceedings. We requested that the parties be prepared to address the issue at oral argument. For the reasons that follow, we hold that this Court
 
 *451
 
 lacks subject matter jurisdiction over this appeal and
 
 sua sponte
 
 dismiss the action.
 

 Courts of Appeals have jurisdiction to review “final decisions, judgments, orders, and decrees” of district courts sitting in review of bankruptcy court actions. -28 U.S.C. § 158(d). The question of finality in bankruptcy appeals is a thorny one.
 
 See generally,
 
 16 Charles Alan Wright
 
 &
 
 Arthur R. Miller, Federal Practice and Procedure § 3926.2 (2d ed.1996). The authors of one treatise note however that “[v]irtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.”
 
 Id.
 
 § 3926.2, at 270. After conducting an exhaustive review of cases, the same authors conclude that “[i]t is difficult to find a clearly logical system of exposition ... [of determining bankruptcy finality] because there are too many decisions to be made in too many different bankruptcy contexts to allow more than a vague path of progression____ Flexibility is compelled by context, but defeats clarity in the short term.”
 
 Id.
 
 at 290.
 

 On the narrower question presented here — the finality of district court orders remanding a case for further proceedings in bankruptcy court — the Circuits are split on how to make this jurisdictional determination.
 
 See In re Lopez,
 
 116 F.3d 1191, 1192-93 (7th Cir.1997) (collecting cases and discussing split in authority). .The Seventh Circuit describes the majority view as based on the reasoning of its earlier decision in
 
 In re Riggsby,
 
 745 F.2d 1153 (7th Cir.1984).
 
 In re Lopez,
 
 116 F.3d at 1192 (collecting cases following the majority view). It holds- that a district court decision remanding a bankruptcy court decision for further proceedings is not final unless -the proceedings on remand are of a “purely ministerial character.”
 
 In re Riggsby,
 
 745 F.2d at 1156.
 

 In a 1987 decision, this Court declined to follow the
 
 Riggsby
 
 line of cases, holding a district court remand order appealable under the particular facts of that case.
 
 In re Gardner,
 
 810 F.2d 87, 92 (6th Cir.1987). In
 
 Gardner,
 
 the district court reversed the bankruptcy court and remanded on the questions of whether an insurance policy provided coverage for an automobile accident and whether a release had been fraudulently induced. Because the coverage issue was a pure question of law and this Court’s resolution of the issue ended what had been protracted litigation, this Court determined it had jurisdiction over the district court order.
 
 Id.
 
 at 92.
 

 Subsequent to
 
 Gardner,
 
 this Court had another occasion to consider the issue of finality of district court orders remanding proceedings to the bankruptcy court and took a different approach to determining appellate court jurisdiction by applying the certification requirements of Fed.R.Ctv.P. 54(b), the application of which had not been considered by the
 
 Gardner
 
 court.
 
 In re Frederick Petroleum Corp.,
 
 912 F.2d 850 (6th Cir.1990).
 

 Rule 54(b) provides as follows:
 

 Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties
 
 only upon an_ express determination that there is no just reason for delay and upon an express, direction for the entry of judgment.
 
 In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 Fed. R. Civ. P. 54(b) (emphasis supplied). Other circuits have similarly applied Rule 54(b) to adversary proceedings by virtue of Bankruptcy Rule 7054, which incorporates Rule 54(b).
 
 See, e.g., In re Chateaugay Corp.,
 
 922 F.2d 86, 90 (2d Cir.1990);
 
 In re Wood and Locker, Inc.,
 
 868 F.2d 139, 142-43 (5th Cir.1989);
 
 In re King City Transit Mix, Inc.,
 
 738 F.2d 1065, 1066 (9th Cir.1984). Application of Rule 54(b) in this context is ap
 
 *452
 
 propriate given that adversary proceedings can be viewed as “stand-alone lawsuits” final disposition of which could be appealed if the dispute had arisen outside of bankruptcy. 16 Charles Alan Wright & Arthur R. Miller,
 
 supra,
 
 § 3926.2, at 283.
 

 The requirement for Rule 54(b) certification for purposes of determining finality under 28 U.S.C. § 158(d) “establishes a much-needed, bright-line test for determining finality [and] providing certainty for litigants” as to whether district court orders remanding to the bankruptcy court are ap-pealable.
 
 In re Frederick Petroleum,
 
 912 F.2d at 853-54. In the absence of certification under Rule 54(b) as to the finality of a partial disposition by the district court in a bankruptcy proceeding, any partial disposition is deemed non-final for purposes of appeal.
 
 Id.
 
 at 853-54.
 

 No request for Rule 54(b) certification was made to the District Court and no such certification issued. In absence of such certification, the District Court order remanding the ease to the Bankruptcy Court is not final.
 
 Id.
 
 at 854. We therefore lack subject matter jurisdiction under section 158(d)
 
 [2]
 
 and must dismiss this appeal at this time.
 

 III. Conclusion
 

 For the reasons set forth above, we DISMISS this appeal for lack of subject matter jurisdiction.
 

 [1]
 

 . Millers Cove Energy Company, Inc. was placed involuntarily in Chapter . 7 bankruptcy. The Bankruptcy Court later converted the action to a Chapter 11 proceeding.
 

 [2]
 

 . 28 U.S.C. § 1292(b), which confers jurisdiction on appellate courts to review interlocutory decisions of district courts in bankruptcy proceedings, does not provide us with jurisdiction as no section 1292(b) certification was made.
 
 Connecticut National Bank v. Germain,
 
 503 U.S. 249, 254, 112 S.Ct. 1146, 1149-50, 117 L.Ed.2d 391 (1992) ("There is no reason to infer from either § 1292 or § 158(d) that Congress meant to limit appellate review of interlocutory orders in bankruptcy proceedings. So long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292, a court of appeals may rely on that statute as a basis for jurisdiction.”).