MOORE, Circuit Judge,
concurring.
I join Part I of the majority’s opinion because I agree that the district court’s order remanding Halbert’s fee application in the Yousifs’ bankruptcy case is not a final and appealable order. I concur in the judgment of the majority with respect to Part II of its opinion, but I write separately to clarify this circuit’s approach for determining “the finality of district court orders remanding a case for further proceedings in bankruptcy court.” Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.), 128 F.3d 449, 451 (6th Cir.1997).[1]
We have jurisdiction to review only the “final decisions, judgments, orders, and decrees” of a district court when a district court has acted in an appellate capacity and has reviewed a bankruptcy court decision. 28 U.S.C. § 158(d); see also In re Millers Cove Energy Co., 128 F.3d at 451. Courts of appeals, however, have had a difficult time agreeing on exactly what constitutes a final decision when reviewing an appeal of a district court order reviewing a bankruptcy court decision — particularly when a district court has affirmed part of the bankruptcy court’s decision and has remanded other parts of the case to the bankruptcy court for further proceedings. Compare In re Lopez, 116 F.3d 1191, 1192 *781 (7th Cir.) (holding that “a decision by the district court on appeal remanding the bankruptcy court’s decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character”), cert. denied, 522 U.S. 1014, 118 S.Ct. 599, 189 L.Ed.2d 488 (1997), with Official Comm, of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland County MH/MR, 188 F.3d 273 (3rd Cir.1999) (holding that an appeal involving a district court order remanding part of a case to the bankruptcy court for further proceedings is final and appealable if the policy considerations underlying the bankruptcy proceedings would be furthered by an immediate appeal).
This circuit has adopted a unique approach for determining whether an appeal from a judgment by a district court remanding a case to the bankruptcy court for further proceedings is a final and ap-pealable order. See In re Millers Cove Energy Co., 128 F.3d at 450-52; SEOR, Inc. v. Textron Oil Corp. (In re Frederick Petroleum Corp.), 912 F.2d at 853-54. In an attempt to “establish[ ] a much-needed, bright-line test for determining finality [and] providing certainty for litigants,” we have held that a bankruptcy appeal is not final unless the district court complies with the certification requirement of Federal Rule of Civil Procedure 54(b). In re Frederick Petroleum Corp., 912 F.2d 850, 853-54 (6th Cir.1990); see also In re Millers Cove Energy Co., 128 F.3d at 451-52. As the court in Millers Cove explained, “In the absence of certification under Rule 54(b) as to the finality of a partial disposition by the district court in a bankruptcy proceeding, any partial disposition is deemed non-final for purposes of appeal.” Id. at 452.
The court in Millers Cove, however, was careful to point out that the bankruptcy dispute at issue in the case was brought as an adversary proceeding pursuant to Bankruptcy Rule 7001.[2] Id. at 451-52. Adversary proceedings have been described as “full blown federal lawsuits within the larger bankruptcy case,” and are initiated when a party files a complaint with the bankruptcy court. Section 1120(A)(1) Comm, of Unsecured Creditors v. Interfirst Bank Dallas, N.A. (In re Wood and Locker, Inc.), 868 F.2d 139, 142 (5th Cir.1989) (quotation omitted). Rule 54(b) applies to adversary proceedings that are brought within the context of a larger bankruptcy proceeding through Bankruptcy Rule 7054, which incorporates Rule 54(b). In re Millers Cove Energy Co., 128 F.3d at 451.
In the Tanners’ bankruptcy case, Hal-bert filed an application with the bankruptcy court for the payment of attorney fees, and Tanners responded by filing an objection to his fee application. I do not believe that these proceedings qualify as adversary proceedings pursuant to Bankruptcy Rule 7001,[3] see, e.g., In re Chambers, 140 B.R. 233, 239 (N.D.Ill.1992) (“The court agrees with the bankruptcy court’s finding that the Rule 7001 does not govern requests for attorneys fees.”); 10 LawRenoe P. King, Collier on Bankruptcy ¶ 9014.01 (15th ed.1998) (explaining that “contested applications for the payment of professional fees” are “contested matters,” which “do not qualify as adversary proceedings because they are not defined as such by Rule 7001”); instead, I believe that this case is more properly characterized as a contested matter. See Fed. R. Bankr.P. 9014.
*782 Nevertheless, I believe that consistent with our precedents the district court must issue a certification pursuant to Rule 54(b) before Halbert may appeal the district court’s order affirming the bankruptcy court’s denial of his fee application because the Bankruptcy Rules state that the Rule 54(b) certification requirements apply to contested matters. See Fed. R. BaNKR.P. 9014 (stating that Bankruptcy Rule 7054— the Bankruptcy Rule that incorporates Federal Rule of Civil Procedure 54(b)— applies to contested matters “unless the court otherwise directs”). Thus, I concur in the judgment of the majority and conclude that we do not have jurisdiction to hear Halbert’s appeal in the Tanners’ bankruptcy case because the district court did not issue a certification pursuant to Rule 54(b) as required by our precedents.
This circuit’s current approach, which asks whether a district court has complied with the Rule 54(b) certification requirements when a district court has affirmed part of the bankruptcy court’s decision and has remanded other parts of the case to the bankruptcy court for further proceedings, is simply a way of letting the district court initially decide whether the partial judgment is final. See Brotherton v. Cleveland, 173 F.3d 552, 559 (6th Cir.1999) (“By its terms, Rule 54(b) applies only to final judgments.”); General Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026-27 (6th Cir.1994) (“The first step in certification, entry of partial final judgment, is satisfied where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action.”). Indeed, Rule 54(b) certification is only appropriate if the district court’s order affirming the bankruptcy court’s determination of a claim but remanding certain issues to the bankruptcy court for further factual findings qualifies as a final and appealable order.
This circuit has addressed the underlying question of finality on one occasion. See Breyfogle v. Grange Mut. Cas. Co. (In re Gardner), 810 F.2d 87 (6th Cir.1987). In Gardner, this court determined that it had jurisdiction to hear a bankruptcy appeal even though a district court had reversed and remanded part of the bankruptcy court’s decision. The plaintiffs in Gardner sued a debtor and his insurance company for the personal injuries that they sustained in an automobile accident involving the debtor. The plaintiffs sought damages from the debtor’s insurance company on grounds that the insurance policy at issue covered the automobile accident. The plaintiffs also alleged that a release that the debtor had executed in favor of the insurance company was fraudulent. The bankruptcy court determined that the insurance policy did not cover the accident, and it held that the release that the debtor had executed in favor of the insurance company was not fraudulent. On appeal, the district court affirmed the bankruptcy court’s determination that the policy did not cover the accident, but it remanded the issue involving the release to the bankruptcy court for further factual determinations.
We determined that the district court’s order was a final and appealable order because the “legal issue concerning the interpretation of the insurance policy [was] the central, determinative issue underlying [the] dispute.” Id. at 92. Even though the district court’s “remand directed further factual determinations on a question of whether the release was fraudulent,” the court explained that this “question becomes academic if [the insurance company] were found not liable under the insurance policy at issue.” Id. (emphasis in original). Thus, after our decision in Gardner, an appeal of a district court order reviewing a bankruptcy court decision would appear to qualify as a final and appealable order so long as the district court does not “remand[ ] the case for a factual determination on an issue central to the case.” Id. at 91 (emphasis in original).
The court’s decision in Gardner is directly analogous to the present case. *783 Here, the bankruptcy court denied Hal-bert’s fee application in the Tanners’ bankruptcy case because it determined that he had received undisclosed merchandise transfers during the ninety-day preference period and therefore did not qualify as a disinterested person within the meaning of 11 U.S.C. § 327(a). The bankruptcy court also determined that Halbert had violated the disclosure requirements set forth in 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b). The district court affirmed the bankruptcy court’s denial of Halbert’s fee application on grounds that Halbert did not qualify as a disinterested person pursuant to § 327(a), explaining that “[t]he Bankruptcy Court correctly determined that, as a result of receiving transfers of value from Tanners within the ninety-day preference period, Halbert became ineligible to serve as its attorney, at least in the absence of curative measures which did not occur here.” Halbert v. Yousif, 225 B.R. 336, 344 (E.D.Mich.1998). The district court, however, also vacated the bankruptcy court’s determination that Halbert had violated the disclosure requirements set forth in § 329(a) and Bankruptcy Rule 2016(b), remanding this issue to the bankruptcy court for further factual findings. Halbert, 225 B.R. at 354-58.
If we were to decide on appeal that Halbert’s fee application was properly denied on grounds that he was not a disinterested person within the meaning of 11 U.S.C. § 327(a), then the issue involving Halbert’s compliance with the disclosure requirements of § 329(a) and Bankruptcy Rule 2016(b), like the issue involving the fraudulent release in Gardner, becomes non-dispositive. See, e.g., Halbert, 225 B.R. at 356-57 (“Violations of the disclosure and disinterestedness rules are independent of each other, although the remedies for each are similar.”). If, on the other hand, we were to decide to reverse the bankruptcy court’s determination that Halbert was not a disinterested person, then the issue involving the disclosure requirements of § 329(a) and Bankruptcy Rule 2016(b) would become a “central, determinative issue underlying [the] dispute.” In re Gardner, 810 F.2d at 92. This example illustrates the concerns that I have about the approach that we articulated in Gardner: this approach may require the court of appeals to decide the merits of the issue that has been decided by the district court before it can determine whether the issue that has been remanded by the district court for further factual findings by the bankruptcy court is central to the outcome of the case.
If we were to follow the approach that this court articulated in Gardner, then I believe that we would be forced to reach the merits of the district court’s decision before we could determine whether the district court’s order denying Halbert’s fee application in the Tanners case is a final and appealable order. I believe, however, that we should adopt an approach that enables a court of appeals to determine whether the district court’s order is a final and appealable order without having first to reach the merits of the appeal. Accordingly, I think that we should adopt “the prevailing view that courts of appeals lack jurisdiction over appeals from orders of district courts remanding for significant further proceedings in bankruptcy courts.” Dicola v. American Steamship Owners Mut. Protection and Indem. Ass’n, Inc. (In re Prudential Lines, Inc.), 59 F.3d 327, 331 (2d Cir.1995) (quotation omitted); see also In re Lopez, 116 F.3d at 1192 (“[A] decision by the district court on appeal remanding the bankruptcy court’s decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character.”). In the present case, the district court affirmed much of the bankruptcy court’s decision, but it remanded the case to the bankruptcy court so that the bankruptcy court could make further factual findings to support its conclusion that Halbert violated the disclosure requirements of § 329(a) and Bankruptcy Rule 2016(b). Halbert, 225 B.R. at 354-58. *784 Because the district court’s order remanding the case for further factual findings contemplates significant further proceedings in the bankruptcy court, I do not believe that the district court’s order should properly have qualified as a final order within the meaning of § 158(d), and thus the district court could not properly certify that it had issued a final judgment of a separate claim pursuant to Rule 54(b).
I concur in the judgment of the majority because I believe that we do not have jurisdiction to review the district court’s order denying Halbert’s fee application in the Tanners’ bankruptcy case. ’

. I write separately only with respect to Part II of the majority’s opinion, which addresses the part of the district court's order that affirms the bankruptcy court's denial of "Hal-bert’s fee application in the Tanners’ bankruptcy case,” and vacates and remands to the bankruptcy court "certain findings of fact and conclusions of law upon which the holding by the Bankruptcy Court was based.” Halbert v. Yousif, 225 B.R. 336, 360 (E.D.Mich.1998).

. Bankruptcy Rule 7001 sets forth those proceedings that qualify as adversary proceedings: An adversary proceeding includes "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002.”

. I do not agree with the majority's decision to "view this appeal as an adversary proceeding to determine Halbert’s eligibility for attorney’s fees and liability for sanctions and apply Federal Rules of Bankruptcy Procedure 7054 and 7001(1).”