NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NOs. 09-4594 & 10-2285
_____


In Re:  CHRISTIAN ANTHANASSIOUS,
                                                        Debtor

CAROL PALMER,
                                Appellant


_____



On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civil No. 3-09-cv-01090 and 3-10-cv-00053)
District Judge:  Hon. Joel A. Pisano


_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2011

BEFORE:  JORDAN, GREENAWAY, JR., and
STAPLETON, *Circuit Judges*
_____


_____


(Opinion filed: March 21, 2011)
_____

—————————————

OPINION OF THE COURT

—————————————

STAPLETON, *Circuit Judge*:

Appellant Carol Palmer ("Palmer") sought to oppose the Chapter 7 discharge of debtor/appellee Christian Anthanassious ("Debtor"). Palmer appeals two District Court orders, arguing that the Court abused its discretion in: (1) affirming the Bankruptcy Court's order granting Debtor's motion for reconsideration and denying Palmer an extension of time in which to file an objection to the discharge of Debtor; and (2) affirming the Bankruptcy Court's order discharging Debtor during the thirty-day period within which a creditor may appeal to a court of appeals a district court's final order. We will affirm.

## I. Background

On August 22, 2008, Debtor filed a voluntary petition for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of New Jersey. Palmer was listed as a creditor in the bankruptcy petition based on a personal injury action Palmer had brought against Debtor in a Pennsylvania state court.[1] The Bankruptcy Court set December 9, 2008, as the "[l]ast day [for creditors] to oppose [the debtor's] discharge or dischargeability." A28. Palmer's attorney attended the first scheduled meeting of creditors on October 10, 2008. At the meeting, her attorney announced that he would seek to take Debtor's deposition. Forty days later, on

_____

[1] Palmer's creditor status stemmed from a personal injury action arising from an auto accident in which Debtor struck Palmer while driving an uninsured vehicle.

November 19, 2008, Palmer's attorney requested that Debtor provide dates of availability for the deposition, which Debtor did in a letter within two days. Palmer's attorney was advised of several dates upon which Debtor would be available, including December 2, 2008, which was a week prior to the last day for Palmer to file an opposition to Debtor's discharge. Rather than schedule the deposition or make any document request, Palmer, on November 24, 2008, filed a motion under Fed. R. Bankr. P. 4004(b) and 4007(c) for an extension of time to file a motion under 11 U.S.C. § 707 and/or a complaint under 11 U.S.C. § 727 and/or 11 U.S.C. § 523 objecting to or determining the dischargeability of the debtor. The sole basis asserted for relief was as follows:

> [1.] Movant is conducting an investigation of this case both with respect to her claim along with Debtor's financial affairs.
> [2.] Movant expects to conduct a Rule 2004 examination of Debtor in the near future.
> [3.] Counsel for Movant did appear at the meeting of creditors and was able to question Debtor. However, counsel was unable to complete the examination of Debtor and requires more documents to complete the investigation.

A181. As of that time, Palmer had not filed a request for production of documents or any other discovery request.

The Bankruptcy Court scheduled a hearing on Palmer's motion for December 15, 2008, six days after the expiration of the deadline for filing a complaint objecting to Debtor's discharge. An unrelated motion of the Chapter 7 Trustee was also scheduled on that date. Debtor's counsel mistakenly believed that both motions were scheduled for 11:00 A.M. and did not appear until 10:45 A.M. Palmer's motion had in fact been scheduled for 10:00 A.M., and the Court granted the unopposed motion for an extension

3

of time before the arrival of Debtor's counsel.  Debtor's counsel filed a motion for reconsideration before the day was out.

On January 12, 2009, the Bankruptcy Court heard argument from both parties' counsel on the motion for reconsideration.  It vacated its earlier order granting Palmer's motion for an extension of time and denied that motion.  Palmer appealed this order to the District Court, which affirmed on November 6, 2009, finding that the Bankruptcy Court had not abused its discretion in granting the motion for reconsideration or in denying Palmer's request for an extension of time.  Palmer did not apply for a stay of this decision.  On November 24, 2009, after the expiration of the statutory 14-day waiting period during which the District Court's November 6, 2009, order was stayed under Fed. R. Bankr. P. 8017(a), the Bankruptcy Court discharged Debtor.

After Debtor was discharged, Palmer appealed the District Court's order affirming the denial of an extension of time to this Court on December 3, 2009, and simultaneously moved the Bankruptcy Court to reconsider its discharge motion.  The Bankruptcy Court denied this reconsideration motion.

The District Court affirmed the discharge order, noting that Palmer's failure to seek a stay under Rule 8017 permitted the Bankruptcy Court to treat the District Court's order as final at the end of the statutory 14-day waiting period provided by Rule 8017(a). Palmer then appealed the discharge order to this Court.  Palmer's appeals of both District Court orders are joined before us.[2]

---

[2] The District Court had jurisdiction to review the Bankruptcy Court's orders under 28 U.S.C. § 158(a).

4

## II.  Jurisdiction

Although none of the parties has questioned our jurisdiction to hear this appeal,[3]

we have an independent obligation to ensure that appellate jurisdiction is present.

*Official Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland Cnty.*

*MH/MR*, 183 F.3d 273, 276  (3d Cir. 1999) (citing *F/S Airlease II, Inc. v. Simon*, 844

F.2d 99, 103 (3d Cir. 1988)).  "Under 28 U.S.C. § 158(d), the courts of appeals have

jurisdiction over appeals from 'all final decisions, judgments, orders, and decrees

entered' by a district court reviewing a bankruptcy court decision under 28 U.S.C. §

158(a)."  *Id.*

Here, we clearly have jurisdiction over the District Court's order affirming

Debtor's discharge because the order is final as it "ends the litigation on the merits and

leaves nothing for the court to do."  *Petroleos Mexicanos Refinacion v. M/T KING A (EX-*

*TBILISI)*, 377 F.3d 329, 333 (3d Cir. 2004) (quoting *Cunningham v. Hamilton Cnty.,* 527

U.S. 198, 204 (1999)) (internal quotation marks and citations omitted).

While it is less clear that the District Court's order affirming the Bankruptcy

Court's denial of an extension of time is a final order for purposes of § 158(d), we

conclude that it is.  As we have explained:

---

[3] While Debtor does not maintain that we lack jurisdiction to entertain this appeal, he does insist that we are barred from considering the merits of this appeal because it is equitably moot.  It is questionable whether the equitable mootness doctrine has any application to an appeal in a Chapter 7 liquidation.  *See In re San Patricio Cnty. Cmty. Action Agency*, 575 F.3d 553, 557-59 (5th Cir 2009).  We need not resolve that issue here, however.  Equitable mootness is "not an Article III inquiry into whether a case or controversy exists," *id*. at 557, and when we turn to the merits, we find no reversible error on the part of the District Court.

> Outside of the bankruptcy context, an order is generally considered final and appealable only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945). The strict rule of finality is relaxed in bankruptcy cases, however, because a single bankruptcy case can encompass a number of "functionally distinct cases." *In re Lopez*, 116 F.3d 1191, 1193 (7th Cir. 1997). Accordingly, an order is considered final in a bankruptcy case when it finally resolves a particular adversary proceeding or resolves the status of a particular claim against the estate. *See id.; In re Saco Local Dev. Corp.*, 711 F.2d 441, 445-46 (1st Cir. 1983) (Breyer, J.) ("[A] 'final judgment, order, or decree' . . . includes an order that conclusively determines a separable dispute over a creditor's claim or priority.").

*In re Am. Capital Equip.*, 296 F. App'x 270, 277 (3d Cir. 2008) (Jordan, J., concurring).

The District Court's affirmance of the denial of an extension of time to Palmer, occurring as it did after the time for objecting to Debtor's discharge had passed, had the effect of extinguishing Palmer's right to contest Debtor's discharge. There was nothing further for the Bankruptcy Court to do in resolving the bankruptcy controversy between Palmer and Debtor.

We thus conclude that we have jurisdiction over both appeals.[4]

### III. Reconsideration

Palmer insists that the Bankruptcy Court abused its discretion when it granted Debtor's motion to reconsider and vacated its earlier grant of Palmer's motion for an

---

[4] Because the District Court sat as an appellate court to review the Bankruptcy Court, we review the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *In re Goody's Family Clothing*, 610 F.3d 812, 816 (3d Cir. 2010) (citation omitted).

6

extension and that, accordingly, the District Court erred in affirming the Bankruptcy Court.  We are unpersuaded.

An order granting an extension of time to file a motion is an interlocutory order. *See Matter of Aucoin*, 35 F.3d 167, 169-70 (5th Cir. 1994) (explaining that a motion to extend time to file objections to a debtor's discharge in an interlocutory order because the "bankruptcy court will still have to determine whether to grant or deny those objections (and will doubtless have to conduct a trial or hearing for that purpose)").  Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities." Moreover, we have held that the same would be true even in the absence of that rule. *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("so long as [a] district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.").  Thus, as we explained in *Swietlowich v. Bucks Cnty.*, 610 F.2d 1157, 1164 (3d Cir. 1979), "a trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result."

The trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively.  It must afford the parties notice of and an opportunity to be heard on the appropriateness of reconsideration, must explain on the record the reasons for altering the prior order if that is its decision, and must "take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling."  *In re Pharmacy*

7

*Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Swietlowich*, 610 F.3d at 1164)).  Moreover, the stated rationale for the reconsideration must under all the circumstances provide reasonable justification for departure from "the practice of courts generally to refuse to reopen what has been decided."  *Messenger v. Anderson*, 225 U.S. 436, 444 (1912).  Effective trial court management requires a presumption against reconsideration of interlocutory decisions.  But a trial "judge convinced that an earlier ruling was wrong has, must have, authority to reconsider and rectify the error."  18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 4478.1 (2d ed. 2002).[5]

Here, the Bankruptcy Court heard argument on whether to grant reconsideration and placed its reasons for granting reconsideration on the record.  It explained that the motion for reconsideration was occasioned by the fact that "Counsel [for Debtor] had mis-diaried the time, not even the date, the time for the last hearing," and that the Court "had very limited oral argument because opposing counsel was not" present.  A111-12.  The Court concluded that it "would be a manifest injustice to go forward" without hearing both sides.  *Id.*

---

[5] We have not limited revisions of prior interlocutory orders in the same way we have limited revisions of judgments.  *Compare Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439 *with North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194 (3d Cir. 1995).  Motions to "alter or amend judgments," in contrast to motions to reconsider interlocutory orders, are governed by Federal Rule of Civil Procedure 59(e).  Palmer's principal reliance is on cases involving the more strict requisites under Rule 59(e), e.g., *North River Ins.,* 52 F.3d 1194.

The deadline which Palmer sought to extend had run prior to the initial hearing, and she can claim no prejudice arising from a change of position in reliance on the initial decision.

Where, as here, a trial court has proceeded in a procedurally fair manner and there can be no claim of prejudice to reliance interests, our case law has never suggested that the judge who resolved an important issue after hearing only one side could not reconsider its decision when immediately confronted with a request to hear the other side as well. We decline to so hold. Because the Bankruptcy Court did not abuse its discretion in granting the motion to reconsider, we will affirm the District Court's November 6, 2009, order on that issue.

## IV. Denial of the Motion for Extension

The parties agree that under the applicable bankruptcy rules a relatively brief limitations period has been set to encourage expedition, and any extensions thereof can be granted only if "cause" for such extension has been shown. Fed. R. Bankr. P. 1017(e), 4004(a) and 4007. "Cause" is not defined in the Rules. As both the Bankruptcy Court and the District Court concluded, however, under any reasonable reading of that term in these contexts, "cause" is not shown where the moving party tenders *no* reason why her examination of Debtor and the relevant documents could not have been conducted within the allotted sixty days.

Debtor's bankruptcy petition was filed on August 22, 2008. Palmer's counsel was aware of this filing and attended the first meeting of creditors on October 10, 2008. At that meeting, he advised Debtor and the trustee that he would be seeking to take Debtor's

9

deposition. Thereafter, however, he did not file discovery of any kind. When he asked forty days later for available deposition dates, he received a prompt response suggesting a date a week before the deadline for Palmer's motions. The only action taken by Palmer thereafter was the filing of the motion for extension of time in support of which she could only assert that "counsel was unable to complete the examination of Debtor and requires more documents to complete the investigation." A181.

The response of the Bankruptcy Court was understandable.

> In her certification in support of the Motion, Ms. Palmer offers no reason why her examination of the Debtor could not have been conducted within the time period provided. There's no indication that the Debtor has been uncooperative about scheduling a 2004. In fact, the opposite is true. Debtor's counsel immediately responded to the request for a 2004 deposition and offered at least one date that was prior to the expiration of the deadline.
> It does not appear that Ms. Palmer took her up on that. It also appears that no document request was made prior to filing this Motion.
> * * *
> So even based on the more liberal standard, the Court cannot find that the movant has established cause for an extension and the underlying Motion will be denied.

A114-15. We find no abuse of discretion.

## V. The Discharge

Finally, Palmer insists that the District Court abused its discretion in affirming the Bankruptcy Court's discharge order because the Bankruptcy Court had no power to order the discharge of a debtor prior to expiration of the time provided for filing an appeal to this Court. We conclude to the contrary.

10

The District Court affirmed the Bankruptcy Court's order denying Palmer's motions for an extension on November 6, 2009. Under Rule 8017(a),[6] the District Court's judgment was automatically stayed for 14 days after its entry. The appeal itself, however, did not stay proceedings in the Bankruptcy Court and, in the absence of a further stay entered by this Court or the District Court, the Bankruptcy Court was free to proceed with the management of the Debtor's estate upon the expiration of that period on November 20, 2009. 28 U.S.C.A. § 158(d)(1)(D).[7] It did precisely that and granted a discharge on November 24, 2009. As of that date, no notice of appeal or motion for a stay had been filed and might never be. Palmer's timely notice of appeal to this Court followed on December 3, 2009. Both the District Court and this Court were authorized to grant a stay pending this appeal, but Palmer did not seek their intervention. Fed. R. Bankr. P. 8017(b).[8]

---

[6] Rule 8017(a) provides:
(a) Automatic stay of judgment on appeal
Judgments of the district court or the bankruptcy appellate panel are stayed until the expiration of 14 days after entry, unless otherwise ordered by the district court or the bankruptcy appellate panel.

[7] 28 U.S.C.A. § 158(d)(1)(D) provides:
(d)(1) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section [from decisions of the district court] . . .

(D) An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.

11

Because Palmer failed to request a stay of the District Court's order, the Bankruptcy Court correctly treated the District Court's order as final after the expiration of the 14-day statutory waiting period. The Court thus had the authority to order Debtor's discharge. Indeed, as the District Court noted,

> [Fed. R. Bankr. P. 4004(c)] requires the Bankruptcy Court to grant a Chapter 7 debtor a discharge "forthwith" after the "time fixed for a complaint objecting to discharge and the time fixed for filing a motion to dismiss under Rule 1017(e)" have expired unless:
>
> **(A)** the debtor is not an individual;
>
> **(B)** a complaint, or a motion under § 727(a)(8) or (a)(9), objecting to the discharge has been filed and not decided in the debtor's favor;
>
> **(C)** the debtor has filed a waiver under § 727(a)(10);
>
> **(D)** a motion to dismiss the case under § 707 is pending;
>
> **(E)** a motion to extend the time for filing a complaint objecting to the discharge is pending;
>
> **(F)** a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;

---

[8] Rule 8017(b) provides:

(b) Stay pending appeal to the court of appeals

On motion and notice to the parties, the district court or bankruptcy panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment.

**(G)** the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code, unless the court has waived the fees under 28 U.S.C. § 1930(f);

**(H)** the debtor has not filed with the court a statement of completion of a course concerning personal financial management as required by Rule 1007(b)(7);

**(I)** a motion to delay or postpone discharge under § 727(a)(12) is pending;

**(J)** a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;

**(K)** a presumption has arisen under § 524(m) that a reaffirmation agreement is an undue hardship; or

**(L)** a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

A16. Fed. R. Bankr. P. 4004(c)(1). Here, none of the statutory exceptions to the Bankruptcy Court's obligation to discharge Debtor "forthwith" were applicable. The Bankruptcy Court thus did not err in discharging Debtor.

Contrary to Palmer's suggestion, the conclusion we here reach is not contrary to the statute and Rule of Appellate Procedure giving her a right to appeal to this Court within thirty days, 28 U.S.C. § 158(d)(1); Fed. R. App. P. 4, or to the principle of separation of powers. We do not hold that the Bankruptcy Court has the authority to limit the appellate jurisdiction of this Court. The Bankruptcy Court did not alter Palmer's right to appeal. Her appeal was perfected and is currently before us. Palmer's right to appeal did not include the right to have the status quo maintained during her appeal. A

13

stay of proceedings in the Bankruptcy Court was necessary to acquire that protection. "Although as a general rule a party need not seek a stay of a lower court's judgment in order to protect its right to appeal, the consequence of failing to obtain a stay is that the prevailing party may treat the judgment of a lower court as final notwithstanding that an appeal is pending." *In re Highway Truck Drivers & Helpers Local Union No. 107*, 888 F.2d 293, 298 (3d Cir. 1989) (citation omitted). Here, of course, there was not even an appeal pending at the time of the discharge.

## VI. Conclusion

Accordingly, we will affirm the District Court's orders.