NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0692n.06

Case No. 13-5036

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re DECKER COLLEGE, INC., | ) | |
| | ) | **FILED** |
| Debtor. | ) | Sep 04, 2014 |
| -------------------------------------------------- | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| COUNCIL ON OCCUPATIONAL | ) | |
| EDUCATION, INC., | ) | |
| | ) | ON APPEAL FROM THE |
| Defendant-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| ROBERT W. KEATS, TRUSTEE, | ) | |
| | ) | |
| Plaintiff-Appellee. | ) | |
| _____ | ) | |

Before: GUY, BATCHELDER, and MOORE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** When the bankruptcy court ruled that the Council on Occupational Education (COE) had made factually erroneous statements about Decker College, COE obtained an interlocutory appeal in the district court, which affirmed and remanded for further proceedings. Because we lack jurisdiction to hear further appeal, we must DISMISS.

I.

The Department of Education provides financial aid to students at accredited post-secondary vocational schools, pursuant to Title IV of the Higher Education Amendments of 1992, Pub. L. No. 102-325, 106 Stat. 448. COE, a Department-recognized accrediting agency, first accredited Decker in 1992. Beginning in March 2004, Decker applied to COE for accreditation of on-line (or

1

"distance") associate degree programs, using COE's prescribed forms and attaching supporting documents. On June 15, 2004, COE sent Decker written approvals, which did not limit the programs in any way and did not express any concern about the on-line nature of the programs.

But when the Department challenged COE's accreditation in June 2005, COE denied that it had approved Decker's on-line programs. Consequently, the Department rescinded Decker's eligibility for Title IV financial aid, rejecting over $7 million in pending claims and effectively putting Decker out of business. Less than a month later, Decker's creditors petitioned for Chapter 7 involuntary bankruptcy and liquidation. The bankruptcy court appointed Robert Keats as the Trustee over Decker's bankruptcy estate. The Department also sought $32 million in previously paid Title IV funds, on the basis that COE had never approved Decker for on-line programs.

In December 2009, Keats filed an adversary proceeding against COE, alleging that COE had caused the Department to stop Title IV funding, forcing Decker out of business. Specifically, Keats sought a declaratory judgment that COE had made "factually incorrect" statements when it told the Department that it had not approved Decker's on-line programs. Keats sought damages based on tortious interference with business relations, negligent misrepresentation, and breach of contract. Because the Department's $32 million bankruptcy claim against Decker turned on the question of whether COE had misled the Department with that statement, the bankruptcy court determined that it had to proceed initially "for the limited purpose of examining the veracity of [COE]'s statements to the Department concerning [COE]'s approval of the [on-line] programs."

The bankruptcy court held a four-day hearing and issued a 19-page "Findings of Fact" memorandum, in which it found from the evidence presented "that [COE] [had] in fact approved

2

delivery of the Programs through distance education and that, therefore, the Statements were false insofar as they asserted that [Decker] had not been approved to offer the Programs through distance education." The bankruptcy court labeled COE's statements "factually erroneous."

COE sought an interlocutory appeal in the district court, challenging the bankruptcy court's jurisdiction and procedure, as well as the specific finding of fact. The district court granted the interlocutory appeal and issued a Memorandum Opinion and Order in which it affirmed the bankruptcy court in all respects and specifically noted that "[t]he Bankruptcy Court reasonably found COE to be dishonest when it told the Department it did not approve the [on-line programs]." The district court "ordered that the Bankruptcy Court's Findings of Fact are AFFIRMED and the matter is REMANDED to the Bankruptcy Court for further proceedings." COE appeals here.

## II.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "Courts of Appeals have jurisdiction to review 'final decisions, judgments, orders, and decrees' of district courts sitting in review of bankruptcy court actions." *In re Miller's Cove Energy Co.*, 128 F.3d 449, 450 (6th Cir. 1997) (citing 28 U.S.C. § 158(d)). But "a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character." *Settembre v. Fidelity Guar. Life Ins. Co.*, 552 F.3d 438, 441 (6th Cir. 2009) (citation omitted).

Here the district court, on interlocutory review of the bankruptcy court's particular findings of fact, remanded to the bankruptcy court for further proceedings and those proceedings, being the remainder of the adversary proceeding on Keats's tort and breach of contract claims against COE, were not of a purely ministerial character. Consequently, the district court's order was not final for purposes of appellate review and we lack jurisdiction to decide this as a final order.

Alternatively, we may review interlocutory orders "properly certified and accepted." *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013). But "we have required parties subject to non-final orders either to obtain a finality certification from the district court as to some of the claims or parties in the case under Civil Rule 54(b), or to seek permissive interlocutory review of the order under 28 U.S.C. § 158(d)(2) [or 28 U.S.C. §] 1292." *Id*. at 859. Thus, we have held:

> No request for Rule 54(b) certification was made to the District Court and no such certification issued. In absence of such certification, the District Court order remanding the case to the Bankruptcy Court is not final. We therefore lack subject matter jurisdiction under section 158(d) and must dismiss this appeal at this time.

*In re Miller's Cove*, 128 F.3d at 452 (citation omitted), which included this footnote.

> 28 U.S.C. § 1292(b), which confers jurisdiction on appellate courts to review interlocutory decisions of district courts in bankruptcy proceedings, does not provide us with jurisdiction as no section 1292(b) certification was made.

*Id*. at 452 n.2 (citation omitted).

The same holds here as there was neither any request for nor grant of either a 54(b) or §1292(b) certification in the district court. Because the district court's decision was not certified to us for interlocutory review, we lack jurisdiction to decide this on a non-final basis.

No. 13-5036
In re Decker College, Inc.
Council on Occupational Education, Inc. v. Robert W. Keats, Trustee

## III.

For the foregoing reasons, we **DISMISS** this appeal for lack of subject matter jurisdiction.